UNITED STATES of America ex rel. Frank Michael LANIEWSKI, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA and Peter Suder, Warden of Beaver County Jail.

No. 17255.

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 19, 1968.

Decided Jan. 15, 1969.

Louis C. Glasso, Pittsburgh, Pa., John J. Hudacsek, Jr., Hudacsek & Lewis, Beaver Falls, Pa., for appellant.

John G. Good, Jr., Dist. Atty., of Beaver County, James C. Tosh, Asst. Dist. Atty., of Beaver County, Beaver, Pa., for appellee.

Before GANEY, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from the denial by the court below of an application for a writ of habeas corpus. Although the record and the briefs, as well as the courts below, refer to a search warrant having been issued, the appendix and the record show only that a warrant of arrest had issued. However, upon diligent inquiry it was found in a deposition of the Assistant District Attorney of Beaver County, Pennsylvania, and later confirmed, that a search warrant did issue and reference hereto is only made by way of clarification.

Pennsylvania state troopers, pursuant to the warrant issued, entered the store of the appellant in Ambridge, Beaver County, Pennsylvania, and, while present, observed people congregated, and one trooper, answering several telephone calls, took bets on horse races and baseball games. There also was set up a blackboard on which were listed baseball games. After the arrest of the appellant, he handed over to the state troopers certain slips of paper which contained evidence of baseball and horse bets placed with him.

Accordingly, we affirm the finding of the lower court that a misdemeanor was being committed in the presence of the officers. While it has been held in the Pennsylvania courts that telephone calls alone are sufficient to warrant conviction for bookmaking, the other additional evidence found by the state troopers made

the arrest a valid one and there was no violation of the Fourth Amendment. Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620; Commonwealth v. Ametrane, 205 Pa.Super. 567, 210 A.2d 902; Commonwealth v. Mattero, 183 Pa. Super. 548, 132 A.2d 905; Commonwealth v. Bosurgi, 411 Pa. 56, 58, 190 A.2d 304.

The judgment of the lower court will be affirmed.