**Beatrice SILK, Plaintiff, Appellant,**

v.

**Hilary SANDOVAL et al., Defendants, Appellees.**

**No. 7769.**

United States Court of Appeals, First Circuit.

Jan. 6, 1971.

Beatrice Silk pro se, on motion for summary action.

Herbert F. Travers, Jr., U. S. Atty., and Wayne B. Hollingsworth, Asst. U. S. Atty., on motion for summary disposition.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiff filed a complaint in the district court alleging loss of her employment due to unlawful action by defendant government employees. Defendants moved to dismiss on various grounds, and on July 8, 1970, the court dismissed an amended complaint on a ground not here relevant. There was a further hearing on July 16, and on July 21 the court affirmed its earlier dismissal. On July 31, within the ten days permitted by F.R.Civ.P. 59(e), the plaintiff moved to vacate the order of dismissal. The court vacated that order by entering a new one dated August 12, dismissing not on the merits, but on the ground that indispensable parties had not been joined. On September 9 the plaintiff moved to vacate the dismissal of August 12. The court denied the motion on October 15. On November 12 the plaintiff filed a notice of appeal from the order of October 15. Defendants move to dismiss the appeal for want of appellate jurisdiction, asserting untimeliness of the September 9 motion.

■ The September 9 motion to vacate, if construed as a second Rule 59(e) motion, was not timely, and hence did not stay the running of the period in which appeal could be taken from the August 12 order. F.R.A.P. 4(a). The order was, accordingly, no longer appealable when the notice of appeal was filed on November 12, and, indeed, the notice was expressly limited to the order of October 15. As to that order the notice was timely, and the appeal cannot be dismissed, as defendants would have it, for want of jurisdiction.

■ We turn to a consideration of the merit, if any, of the appeal from the October 15 order. Plaintiff did not specify under what rule she was proceeding. If the September 9 motion is construed as one brought under Rule 59(e) it was subject to summary dismissal as untimely. Plaintiff can avoid that result only if the motion was also maintainable under F.R.Civ.P. 60. Motions under this rule need be made only "within a reasonable time," subject to a one-year limitation in some cases.

■ The only possibly applicable provision of Rule 60 is subsection (b) which provides for relief from "mistake, inadvertence, surprise, or excusable neglect." Professor Moore would construe a motion which, like the one at bar, merely seeks reconsideration of a point of law, as fitting this description. 7 J. Moore, Federal Practice ¶ 60.22[3] (2d ed. 1970). His pronouncement has produced some converts. See Meadows v. Cohen, 5 Cir., 1969, 409 F.2d 750, 752; McDowell v. Celebrezze, 5 Cir., 1962, 310 F.2d 43; cf. Gila River Ranch, Inc. v. United States, 9 Cir., 1966, 368 F.2d 354; but see Swam v. United States, 1966, 7 Cir., 1964, 327 F.2d 431, cert. denied 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed. 2d 55. It has also apparently given rise to some disquietude. Hoffman v. Celebrezze, 8 Cir., 1969, 405 F.2d 833; Schildhaus v. Moe, 2 Cir., 1964, 335 F.2d 529. We neither understand the basis for this interpretation, nor sympathize with it. If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of

**1268**

the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances. We would apply the same equitable conception to "mistake" as seems implicit in the three accompanying grounds, under the principle of *noscitur a sociis*.

A contrary view, that "mistake" means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to "alter or amend judgments." Obviously any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of "mistake" beneficially extends the ten-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59. Attempts to allay criticism on this score by saying that the "reasonable time" for filing a Rule 60(b) motion when it seeks reconsideration on a point of law is the appeal period, are an acknowledgment of the extent to which this construction of mistake undermines Rule 59(e). They also overlook the fact that subsection (2) of Rule 60(b), permitting a motion for new trial to be filed after the ten days specified in Rule 59(b), requires a showing why it could not have been filed earlier. If by "mistake" the rule contemplates motions for reconsideration of pure points of law, there is no comparable requirement of diligence, although, prima facie, there would seem to be even less reason for delay.

█ We see no purpose for this broad construction of Rule 60(b) (1) overlapping Rule 59(e). The motion must be construed as coming under Rule 59(e), and as such, being untimely, no further question is presented on this appeal. In the opinion of all members of the court no useful purpose would be served by oral argument. Judgment is affirmed pursuant to Local Rule 6.