**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Plaintiff, Appellant,**

v.

**THIRD NATIONAL BANK OF HAMPDEN COUNTY, Defendant, Appellee.**

No. 76–1391.

United States Court of Appeals, First Circuit.

Dec. 8, 1976.

Rehearing Denied Jan. 4, 1977.

William T. Conlan and Gaston, Snow & Ely Bartlett, Boston, Mass., on brief, for plaintiff, appellant.

Elmer W. Beasley, Hartford, Conn., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, GIGNOUX, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

Morgan Guaranty Trust Company, a successful plaintiff in a diversity tort action against Third National Bank, is attempting to challenge the correctness of the district court's award of interest. A threshold question, which we decide adversely to Morgan thus concluding its appeal, is whether Morgan's motion to amend the district court's allegedly faulty interest order was timely filed.

We begin with a brief chronology. On June 12, 1975, the district court entered judgment for Morgan "in the amount of $78,752.03 plus interest and costs", the latter two items being left for liquidation at a later time. Third National Bank appealed unsuccessfully to this court and after we had affirmed the judgment, *Morgan Guaranty Trust Co. v. Third National Bank*, 529 F.2d 1141 (1st Cir. 1976), the district court entered an order dated April 30, 1976, calculating the amount of interest. In so doing, the court computed the interest as running from the date the action was filed. This computation was in compliance with Mass. G.L. c. 231, § 6B providing, in part, "In any action [in tort] . . . there shall be added by the clerk of the court to the amount of damages interest thereon . . from the date of commencement of the action . . .."

Prior to entry of the April 30, 1976 order, Morgan had submitted letters and memoranda to the district court asserting that it was entitled to interest from the date of conversion of the two treasury bills involved in the law suit as an element of consequential damages, its claim of right resting on an interpretation of Massachusetts case law. *See, e.g., George v. Coolidge Bank & Trust Co.*, 360 Mass. 635, 641, 277 N.E.2d 278 (1971). The order gave no effect to that contention, and on June 18, 1976, 49 days after the order, Morgan brought a motion to amend under Fed.R. Civ.P. 60(a). The present appeal is from the denial of that motion, it being Morgan's contention that interest from the date of conversion should have been allowed.

A Rule 60(a) motion may be brought "at any time", but it is limited to correcting "[c]lerical mistakes . . . arising from oversight or omission . . .." Even if we were to accept that some mistakes in the computation of interest may be dealt with under Rule 60(a), *see Glick v. White Motor Co.*, 317 F.Supp. 42 (E.D.Pa. 1970), *aff'd*, 458 F.2d 1287 (3d Cir. 1972), *In*

* Of the District of Maine, sitting by designation.

re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967), such would be the case only where the judgment failed to reflect the court's intention. 6A J. Moore, Federal Practice ¶ 60.06[4], at 4067–68 (2d ed. 1974). Here the court, in response to a letter to the clerk by Morgan's counsel inquiring whether the judge had actually seen its letters on the matter of interest, indicated that they had been considered. Plainly the court's order was the result of deliberate choice, not oversight. If there was a mistake, it was not clerical but was based on an erroneous interpretation of the law and Morgan's contention raises a legal issue the determination of which is well beyond the purview of Rule 60(a). *See Chicago & N. W. Ry. v. Union Packing Co.,* 527 F.2d 592 (8th Cir. 1976); *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir. 1969);[1] *Blair v. Delta Air Lines, Inc.,* 344 F.Supp. 367 (S.D. Fla.1972), *aff'd,* 477 F.2d 564 (5th Cir. 1973); 6A J. Moore, Federal Practice ¶ 60.06[4], at 4067–68 (2d ed. 1974).

■ Since the motion to amend could not be maintained under Rule 60(a), we may ask whether it could be maintained under some other provision of the federal rules. We would not hold Morgan to the label of its motion if relief were otherwise obtainable. 6A J. Moore, Federal Practice ¶ 59.- 12[1], at 245 (2d ed. 1974). The applicable rule would seem to be Fed.R.Civ.P. 59(e) authorizing motions to alter or amend the judgment.[2] Although the contested April 30, 1976 order computing interest and costs came after entry of formal judgment it was undoubtedly itself also a "judgment" for Rule 59(e) purposes, being final and appealable as "the concluding judicial act or pronouncement of the court disposing of the matter before it." *In re Forstner Chain Corp.,* 177 F.2d 572, 576 (1st Cir. 1949) (Magruder, C.J.). Fed.R.Civ.P. 54(a). However, a 59(e) motion has to be served not later than 10 days after entry of the judgment. Given this strict ten day limitation, the instant motion came too late to be treated as having been lodged under Rule 59(e). *See* 7 J. Moore, Federal Practice ¶ 60.22[3], at 266 (2d ed. 1975).

■ The only other possible basis for the motion would be Fed.R.Civ.P. 60(b). However, this court has held that "[i]f the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.'" *Silk v. Sandoval,* 435 F.2d 1266, 1267 (1st Cir.) (Aldrich, C.J.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). *See also Hartman v. Lauchli,* 304 F.2d 431, 432 (8th Cir. 1962). There was no special situation from which to conclude that the district court, measured against Rule 60(b) standards, erred in refusing to give further thought to its order entered 49 days before.[3] *Cf. Sack v. Low,* 478 F.2d 360, 362 n.1 (2d Cir. 1973) (Friendly, C.J.).

---

**1.** We cannot let pass a misquotation in Morgan's reply brief so flagrant as to cause us serious concern. Professing confusion at the eighth circuit's citation to *Hoffman in Chicago & N.W. Ry.,* Morgan quotes the *Hoffman* court as stating that " '[a]ny error here involved is clearly the type of mistake contemplated by Rule 60(a)' ", when in fact that court stated that the type of error (erroneous award of prejudgment interest) "is clearly *not* the type of mistake contemplated" by that Rule. *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir. 1969) (emphasis added); *accord Chicago & N.W. Ry. v. Union Packing Co.,* 527 F.2d 592 (8th Cir. 1976). Not only is the eighth circuit's view on the correction of prejudgment interest awards not ambiguous as Morgan's brief suggests, it uncompromisingly supports appellee's position.

**2.** "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

**3.** In denying the motion, the court wrote, "Denied. The Court assumes that all aspects of this case have been fully determined and concluded at this time."

Even were Rule 60(b) applicable, there would remain a serious question whether the instant motion was made within a "reasonable time" as required by the Rule. It has been suggested that a reasonable time for the purposes of Rule 60(b) is, in many circumstances, limited to the time for appeal. *See Hoffman v. Celebrezze,* 405 F.2d 833, 836 (8th Cir. 1969); *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir. 1964) (Friendly, J.). A significant factor in determining the reasonableness of the timing of the motion would be Morgan's knowledge from the date of the order that the interest was not awarded according to its suggested formula. *Cf. Sack v. Low,* 478 F.2d 360, 362 n.1 (2d Cir. 1973) (Friendly C.J.).

As we conclude that the motion to amend was untimely, we do not reach the question of the correctness of the order.

*Affirmed.*