**Sebastian SCOLA, Plaintiff-Appellant,**

v.

**BOAT FRANCES, R., INC.,
Defendant-Appellee.**

No. 79–1169.

United States Court of Appeals,
First Circuit.

Argued Sept. 12, 1979.

Decided March 25, 1980.

Joseph G. Abromovitz, Boston, Mass., with whom Latti & Flannery, Boston, Mass., was on brief, for plaintiff-appellant.

Stephen G. Viegas, Reading, Mass., for defendant-appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, DOOLING,* Senior District Judge.

DOOLING, District Judge.

Plaintiff has appealed from an amended judgment striking from an earlier judgment in his favor an interest award of $59,515. Plaintiff had sued defendant under the Jones Act and general maritime law for personal injuries sustained aboard defendant's vessel, and on June 11, 1976, had recovered a verdict for $245,000. Neither party had requested jury instructions respecting pre-judgment interest, no such instructions were given, and the jury's verdict made no reference to interest. Defendant moved for judgment notwithstanding the verdict and for a new trial, and both motions were denied on June 17, 1976. On July 16, 1976, a deputy clerk entered judgment that plaintiff recover of defendant $245,000 plus interest from the date of the commencement of the action to the date of judgment in the amount of $59,515. The parties agree that the clerk erred in adding pre-judgment interest since under the authorities, see *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052–1053 (1st Cir. 1973); *Newburgh Land & Dock Co. v. Texas Co.,* 227 F.2d 732, 735 (2d Cir. 1955), interest is discretionary in maritime personal injury cases, and the discretion must be exercised by the jury. Defendant appealed the judgment to this court on the sole ground that a

consent judgment in state court barred the federal action; defendant did not assign as error the inclusion of pre-judgment interest in the judgment appealed from, and that question was not considered in this court. This court affirmed the judgment on December 30, 1976. 546 F.2d 459.

Over six months later, on July 15, 1977, defendant filed in the district court a motion for relief from the judgment pursuant to Federal Rules of Civil Procedure, Rules 60(a) and 60(b)(1) and 60(b)(6), saying that pre-judgment interest of $59,515 was improperly added to the judgment since the general jury verdict did not provide for such interest. Appellee argued, first, that the clerk's addition of interest to the jury's verdict was clerical in nature and the error arose from oversight against which relief could be granted under Rule 60(a); second, that relief could be granted under Rule 60(b)(1) in that pre-judgment interest was mistakenly and inadvertently added by the court; and, finally, that it was entitled to relief under Rule 60(b)(6) because the addition of interest was erroneous and justice required that its addition be nullified.

The district court referred the motion to a magistrate. After oral argument the magistrate, relying on *Robinson v. Pocahontas, Inc., supra,* concluded that the awarding of pre-judgment interest "was a clerical mistake," and he accordingly recommended that the judgment be corrected pursuant either to Rule 60(a) or Rule 60(b)(6) by deleting the amount specified for pre-judgment interest. On February 16, 1968, the district judge adopted the recommendation of the magistrate in a brief notation written at the foot of the magistrate's report, concluding, "The judgment is ordered corrected by deleting the amount for pre-judgment interest. So Ordered." The judge's order was duly copied into the docket but no alteration in the judgment was made. On March 6, 1979, the district judge signed an "Amended Judgment," the text of which reads:

---

* Of the Eastern District of New York, sitting by designation.

Pursuant to the Order of February 16, 1978, the Judgment is hereby modified in the following manner:

Judgment for the plaintiff in the amount of $245,000.00 thereby striking the allowance of interest which had been previously awarded.

Plaintiff filed his notice of appeal from the amended judgment on March 16, 1979.

It is concluded that plaintiff's appeal from the March 6, 1979, amended judgment was a timely and proper appeal, and not a belated and ineffective effort to revive a lost right to appeal from the district court order of February 16, 1978; that the addition of pre-judgment interest to the judgment was *not a "clerical" mistake within Rule 60(a) nor a "mistake" or "inadvertence" within Rule 60(b)(1) but an error of law made by the court on entering the judgment that could have been but was not brought to this court for review on the appeal from the judgment; and that no reason justifying relief from the judgment under Rule 60(b)(6) was presented to the district court by defendant within a reasonable time after the entry of the judgment.

1. Defendant contends that this court has not acquired jurisdiction of plaintiff's appeal because it is in substance an appeal from the district judge's order of February 16, 1978, and it was not taken until March 16, 1979, thirteen months after the order was entered. Conceding that the clerk failed to send either party notice of the entry of the February 16, 1978, order, as Rule 77(d) required him to do, defendant argues that defense counsel served plaintiff with papers that notified him of the order on February 9, 1979, and plaintiff's notice of appeal was not filed until March 16, 1979—more than thirty days after plaintiff learned of the order. Defendant, finally, argues that plaintiff's effort to appeal from the "Amended Judgment" entered March 6, 1979, is ineffective because that judgment was void, in that it was entered *ex parte* and was not entered pursuant to a motion made on notice to defendant, although it purported to deprive defendant of a substantial right by reviving plaintiff's right to appeal the February 16, 1978, order.

The defect in defendant's argument is that the February 16, 1978, order is not one that commences the running of the aggrieved party's time to appeal. The final decision that is appealable under 28 U.S.C. § 1291 (1976), the appealable "judgment" defined in Rule 54(a) of the Federal Rules of Civil Procedure, must, under Rule 58, be set forth on a separate document distinct from the jury verdict or nonjury decision by the court. As the Supreme Court has explained, the "separate document" requirement of Rule 58 is specifically addressed to fixing with certainty the point at which time commences to run against the losing party's right to appeal, *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–385, 98 S.Ct. 1117, 1119–1120, 55 L.Ed.2d 357 (1978); if plaintiff had filed a notice of appeal from the February 16, 1978, order, and defendant had not objected to the appeal as premature, this court would, indeed, have had jurisdiction to review the order, *id.* at 387–388, 98 S.Ct. at 1121–1122. However, the amended judgment finally entered on March 6, 1979, is the instrument intended to be the "judgment" and the date of which would normally determine the timeliness of plaintiff's appeal. *Id.* at 385, 98 S.Ct. at 1120. *See United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). Even this document is, in a strict view, defective; the clerk did not sign and enter it after approval by the district judge as Rule 58(2) contemplates; however, the clerk docketed it as a judgment, the district court entitled it "Amended Judgment," and it suffices to support this court's jurisdiction. *United States v. Indrelunas, supra.*

It is not necessary, then, to deal with defendant's other arguments. But it should be said that nothing turned on plaintiff's learning of the 1978 order in February 1979. Under Federal Appellate Rule 4(a) the time to appeal runs from the date the judgment or order is entered, it cannot be extended for more than thirty days beyond the rule time in any case, and under Rule 77(d) the failure of the clerk to give notice of the entry of a judgment or order does

not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted by Rule 4(a) of the appellate rules. And while in proper cases Rule 60(b) has been taken to authorize motions to vacate and re-enter judgments for the purpose of reviving a lost right to appeal, *Buckeye Cellulose Corp. v. Braggs Electric Constr. Co.*, 569 F.2d 1036 (8th Cir. 1978); *Fidelity & Deposit Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744 (5th Cir. 1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 163 U.S.App.D.C. 140, 500 F.2d 808 (D.C. Cir. 1974); *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5 (5th Cir. 1970); *see Braden v. University of Pittsburgh*, 552 F.2d 948, 954–955 (3rd Cir. 1977), any such motion would have called for an exercise of a judicial discretion that weighed the issues of prejudice, the explanation for the delay in appealing, and the substantiality of the rights involved. *See Braden v. University of Pittsburgh, supra*, 552 F.2d at 954; *Smith v. Jackson Tool & Die, Inc., supra*, 426 F.2d at 8; *cf. In re Morrow*, 502 F.2d 520, 523 (5th Cir. 1974) (original judgment vacated, new judgment entered in same terms and plaintiff appealed from new judgment; Court of Appeals dismissed the appeal saying, "To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d)."). Notice and an opportunity to be heard on such a motion would, except perhaps in the rarest of cases, be requisite. That, however, was not the present case. Here, the district court entered a judgment on its earlier non-final order, and by so doing it commenced the running of plaintiff's time to appeal from the substance of the February 16, 1978, decision.

2. The first question on the merits of the appeal is the legal nature of the action by which the pre-judgment interest came to be included in the judgment. Defendant argues that it was a "clerical mistake" within Rule 60(a), or a "mistake" or "inadvertence" within Rule 60(b)(1).

 Under Rule 60(a) a clerical mistake in a judgment or other error arising from oversight or omission may be corrected by the court "at any time."[1] Literally the power to correct such a clerical mistake does not depend on whether a motion for relief is made within a reasonable time or within one year of judgment, as is required where the relief must be sought 'under Rule 60(b).

 The record contains no evidence of any "clerical mistake" as distinguished from an error of law made in the entry of the judgment and which could have been but was not raised on the appeal to this court. The clerk evidently computed and added pre-judgment interest in compliance with Mass.G.L. c. 231, § 6B. Thus he added interest from the date the action was commenced as the Massachusetts statute provides and he computed it at successive rates of 6 and 8 percent, reflecting the change in rate made by the legislature by the Act of May 16, 1974 (1974 Mass.Acts, c. 224, § 1); this correctly resolved the retroactivity point raised by the enactment so far as Massachusetts law was concerned. *Porter v. Clerk of the Superior Court*, 368 Mass. 116, 330 N.E.2d 206 (1975). The clerk erred, however, in applying Massachusetts law to a personal injury recovery under maritime law. Had the clerk realized that federal maritime law applied, he would have had still to decide whether the verdict included interest or was intended to have interest added by the clerk in accordance with some

---

1. It has been suggested that the correction of a clerical error in a judgment under Rule 60(a) would not extend the date from which appeal time commenced to run from the date of the original entry of judgment to the date the correction was made. *International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). The concept implied is that Rule 60(a) (which is unlimited in time) deals with mechanical corrections that do not alter the operative significance of the judgment, that could not affect a party's interest in taking an appeal, and that, therefore, can reasonably be made at any time.

instruction of the court or agreement of counsel. That the error was made by the clerk and not by a district judge did not make it any less an error of law, nor convert the error into the kind of "clerical mistake" dealt with in Rule 60(a). The error made by adding pre-judgment interest to the verdict was one which defendant could have reached not only on the appeal from the judgment but also by a timely motion in the district court under Rule 59(e) to alter or amend the judgment; such a motion must be made within ten days of judgment, and, under Rule 6(b), that time may not be extended. The error, as one of law, could not be corrected out of time under Rule 60(a). *See Chicago & Northwestern Ry. v. Union Packing Co.,* 527 F.2d 592 (8th Cir. 1976) (failure to include interest in judgment for freight charged not a clerical error within the purview of Rule 60(a)); *Warner v. City of Bay St. Louis,* 526 F.2d 1211 (5th Cir. 1976) (failure to compute interest at newly established statutory rate not correctable under Rule 60(a)); *Gray v. Dukedom Bank,* 216 F.2d 108 (6th Cir. 1954) (failure or refusal to allow interest in original judgment a judicial ruling which could have been reviewed in usual way; not a mistake or oversight correctable under Rule 60(a) at any time); *see also Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir. 1969) (erroneous addition of pre-judgment interest not the type of mistake contemplated by Rule 60(a)).

Different in principle are those cases which, rightly or wrongly, decide that where the prevailing party has an unconditional statutory right to pre-judgment interest on the award, the failure to include the interest in the judgment is "clerical mistake" that can be corrected under Rule 60(a). *Glick v. White Motor Co.,* 458 F.2d 1287, 1293–94 (3d Cir. 1972); *In re Merry Queen Transfer Corp.,* 266 F.Supp. 605, 607 (E.D.N.Y.1967), *modified in other respects sub nom. O'Rourke v. Merry Queen Transfer Corp.,* 370 F.2d 781 (2d Cir. 1967); *see Gilroy v. Erie-Lackawanna R. R.,* 44 F.R.D. 3, 4 (S.D.N.Y.1968). These cases consider the addition of interest a ministerial and not a discretionary act. Defendant, to support its argument that the addition of interest was a clerical mistake, and the argument applies as well to defendant's claim under Rule 60(b)(1) of mistake or inadvertence (*see infra*), contends that the addition of interest under the Massachusetts statute is mandatory and therefore involves only a ministerial act, and that the omission of interest in such a maritime law case as the present one, in which the jury made no interest award, is equally a mandatory and, therefore, again a purely ministerial duty. On either assumption, defendant argues, the clerk had no discretion but a distinct and unqualified duty. Hence, it is said, the error is intrinsically a ministerial mistake, an inadvertence, against which relief is available under Rule 60(a) or 60(b)(1). The difficulty with the argument is that it overlooks the circumstance that the clerk must exercise a judgment first of case classification, and then of the choice and application of the law respecting pre-judgment interest. Error in these judgments is deliberative error, not the kind of mistake that is correctly characterized as "ministerial" or "clerical" or "inadvertent."

3. Defendant's motion for relief from judgment also invoked Rule 60(b)(1), which authorizes motions, if made within a reasonable time and not more than one year after the entry of judgment, for relief from a final judgment by reason of "mistake, inadvertence, surprise, or excusable neglect." It may be that the broader language of Rule 60(b)(1) more nearly approaches accommodation of defendant's view of its case than does Rule 60(a). However, this court in *Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971), has held that:

> If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of [Rule 60(b)], seem addressed to some special situations justifying extraordinary relief.

Observing that some cases held that the word "mistake" as used in the rule means any type of judicial error, the court said

that such a view made the relief under the rule based on error of law as extensive as the relief available under Rule 59(e), authorizing motions to alter or amend judgments. The court said that, under that view, both rules would then apply to "mistake," and Rule 60(b)(1) would "beneficially" extend the ten day time limit of Rule 59(e). But, said the court:

> Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59. Attempts to allay criticism on this score by saying that the "reasonable time" for filing a Rule 60(b) motion when it seeks reconsideration on a point of law is the appeal period, are an acknowledgement of the extent to which this construction of mistake undermines Rule 59(e).

435 F.2d at 1268. This court expressed precisely the same view of the matter again in *Morgan Guaranty Trust Co. v. Third National Bank,* 545 F.2d 758, 760 & n. 3 (1st Cir. 1976).

**■** Moreover, the motion for relief from judgment was not made within a reasonable time as that expression has been interpreted by those courts which have dealt with the issue of timeliness under Rule 60(b)(1). *Hoffman v. Celebrezze, supra,* indicated approval of Professor Moore's suggestion that a "reasonable time for relief from an error of law by the court should not exceed the time allowed for an appeal." 7 J. Moore, Federal Practice § 60.22[4] (2d ed. 1979) (footnote omitted). *Accord: Morgan Guaranty Trust Co. v. Third National Bank, supra,* 545 F.2d at 760 n. 3; *Meadows v. Cohen,* 409 F.2d 750, 752 n. 4 (5th Cir. 1969); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir. 1966); *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir. 1964); *McDowell v. Celebrezze,* 310 F.2d 43, 44 (5th Cir. 1962); *see Martinez-McBean v. Government of the Virgin Islands,* 562 F.2d 908, 912 n. 4 (3rd Cir. 1977); *cf. Silk v. Sandoval, supra,* 435 F.2d at 1267 (commenting on the use of the appeal period as a limit on Rule 60(b) motions).

**■** In this case timely motions were made under Rule 50(b) for judgment notwithstanding the verdict and for a new trial under Rule 59(a); defendant's failure to move under Rule 59(e) to alter or amend the judgment, and its failure to raise the point on its timely appeal from the judgment demonstrate the absence of any such special situation as might in some circumstances warrant a latitudinarian view of Rule 60(b)(1). The ten day time limitation fixed by Rule 59(e) is one of the few limitary periods which the court has no power to enlarge, Rule 6(b), and the use of Rule 60(b) as an escape from it introduces an unacceptable contradiction to an important principle underlying the finality of judgments. The somewhat contrary view of Rule 60(b)(1) expressed in 7 J. Moore Federal Practice § 60.22[3] (2d ed. 1979) continues to be an unsatisfactory analysis of this part of the rule. It fails to give effect to the circumstance that "Rule 59 in particular is based on an 'interest in speedy disposition and finality.'" *Browder v. Director,* 434 U.S. 257, 271, 98 S.Ct. 556, 564, 54 L.Ed.2d 521 (1978), quoting *Silk v. Sandoval, supra,* 435 F.2d at 1268.

4. Defendant argues that it is entitled to the relief the district judge accorded it under Rule 60(b)(6) visualized as a provision of last resort relief against the inequity that can otherwise follow from inflexible adherence to concepts of orderly procedure and of desirable finality in judgments. *See* 7 J. Moore Federal Practice § 60.27[1], [2], at 346–59 (2d ed. 1979); *Klapprott v. United States,* 335 U.S. 601, 614–615, 69 S.Ct. 384, 390, 93 L.Ed. 266, *modified on other grounds,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). The argument fails so far as defendant seeks to support it by arguing that it is entitled to relief because the addition of the interest was a clerical error and not an error of law; that relief, if defendant had been entitled to it, would have been available upon a timely motion under Rule 60(b)(1) and, for that reason, it is unavailable upon a belated motion under Rule 60(b)(6) except, perhaps, in extraordinary circumstances, not present in this case; Rule 60(b)(6) generally embraces only

grounds of relief not covered by the first five subdivisions of Rule 60(b). *Klapprott v. United States, supra,* 335 U.S. at 613, 69 S.Ct. at 389; *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977).

Defendant argues that the balance of equities is heavily on its side, and justified the district court in granting relief. To be sure, defendant's general equity of restitution would ordinarily outweigh any equity arising out of the fact that plaintiff's counsel may have settled their partnership and tax affairs on the assumption that they had the right to retain the fee applicable to the recovery of the pre-judgment interest. In this case, however, the claims of finality are at their highest[2]: a point obvious on the face of the judgment was not raised by motion to amend under Rule 59(e), nor raised on appeal, nor raised during the contentious proceedings to enforce the judgment, nor raised when the judgment was paid, nor even raised when the computation of post-judgment interest was referred to the magistrate and his computation was approved by the district judge. The motion for relief from the pre-judgment interest award was not made until a month after the court approved the computation of post-judgment interest. No claim of excusable neglect is put forward. Ignorance of the law on the part of counsel is not claimed, and, if it were, it would not furnish a ground for so belated an application for relief. *Cf. Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972) ("Neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for Rule 60(b) relief."); *United States v. Thompson,* 438 F.2d 254, 256 (8th Cir. 1971) (same); *Hoffman v. Celebrezze, supra,* 405 F.2d at 835 (same); *Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299, 301 (2d Cir. 1958) (ignorance of a statute of limitations on the part of an experienced lawyer who voluntarily dismissed a timely action

not the kind of mistake, inadvertence, surprise, or excusable neglect contemplated by Rule 60(b)), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958).

Defendant's argument in the end is, simply, that the addition of interest was erroneous, and that correcting the error will not prejudice plaintiff since the amount in controversy has been set aside in certificates of deposit. But that balancing of the competing claims of prejudice omits considerations of abstract right seen free of procedural mischances. There has been a sequence of errors. First plaintiff's right to interest in the jury's discretion was not submitted to the jury to consider. Then the clerk added the interest, applying the Massachusetts law, giving plaintiff interest from a date later than that the jury might have been instructed to use, and at the Massachusetts rates. To say that plaintiff "waived" his claim to interest and that the waiver should be given effect by compelling repayment of the interest does not stand so high in the scale of abstract justice as to say that defendant by its delay waived its right to insist on the windfall of an escape from an interest award. At the point when defendant made its motion to be relieved of the pre-judgment interest the successive errors of the plaintiff, the court and of defendant had not left the parties in a posture that assuredly represented a miscarriage of justice, and granting the defendant's motion without requiring defendant to show extraordinary circumstances explaining and justifying the lateness of the motion went beyond the authority granted by Rule 60(b)(6). *Cf. Browder v. Director, Dep't of Corrections, supra,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7 (Court of Appeals may review ruling on Rule 60(b) motion only for abuse of discretion); *Martinez-McBean v. Government of the Virgin Islands,* 562 F.2d 908, 911 (3rd Cir. 1977) (Rule 60(b)(6) does not confer a standardless residual discre-

2. Defendant contends that its motion for relief was timely, citing *Radack v. Norwegian American Line Agency, Inc.,* 318 F.2d 538 (2d Cir. 1963). In that case plaintiff was held to be entitled to a hearing in district court on whether he had notice of the entry of the dismissal of his action on a general calendar call. The notice required by Rule 77(d) had not been sent. In the present case there is no claim that defendant was for any period of time ignorant of the entry of the judgment and of its amount.

tionary power to set aside judgments; Rule 60(b)(6) relief available only in cases evidencing extraordinary circumstances; improper to grant Rule 60(b)(6) relief if aggrieved party could reasonably have sought the same relief on appeal); *Mayberry v. Mahoney,* 558 F.2d 1159, 1164 (3rd Cir. 1977) (no relief against consent judgment under Rule 60(b)(5) where no sufficient evidence of circumstances so exceptional that overriding interest in finality and repose of judgments properly overcome); *Weilbacher v. J. H. Winchester & Co.,* 197 F.2d 303, 305 (2d Cir. 1952) (Rule 60(b) order vacating order approving settlement reversed where evidence did not afford justification for relieving party of stipulation for settlement).

The amended judgment, and the order of February 16, 1978, on which it is based, are reversed, and the judgment of July 16, 1976, is again affirmed.