Byron WORSNOP, Plaintiff

v.

TEXACO, INC., Defendant

No. 28450

Superior Court
Commonwealth of Massachusetts

April 6, 1981

Thomas J. Hunt counsel for plaintiff. John J. Regan, David S. Mortensen counsel for defendant.

## RULING ON DEFENDANT'S MOTION TO CORRECT CLERICAL MISTAKE IN JUDGMENT

Defendant's motion to correct clerical mistake in judgment pursuant to Rules 60(a), (b)(1) and (b)(6) of the Massachusetts Rules of Civil Procedure is hereby denied. For the reasons set forth herein, this Court concludes: (1) the award of prejudgment interest was an error of law; (2) neither Rule 60(a) nor Rule 60(b)(1) is appropriate to correct an error of law as occurred in this case, particularly given the delay of nearly five months in the filing of the motion; and (3) defendant has not shown the type of extraordinary circumstances to justify relief under Rule 60(b)(6).

A recent decision by the Court of Appeals for the First Circuit provides persuasive authority for the court's reasoning. In **Scola v. Boat Frances, R., Inc.,** 618 F. 2d 147 (1st Cir. 1980), the Court reversed the District Court's grant of defendant's motion pursuant to Rules 60(a), 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure[1] to strike plaintiff's award of prejudgment interest.

After a jury verdict for plaintiff on its personal injury claim brought under the Jones Act and general maritime law, the deputy clerk entered judgment including prejudgment interest in accordance with Mass. G.L. c. 231, sec. 6B.[2] **Id.** at 150, 152.

Although all parties in **Scola** agreed the prejudgment interest award was erroneous,[3] the Court nevertheless declared a Rule 60 motion inappropriate to remedy this "legal" error, especially since nearly one year had passed since the judgment entered and more than six months since the Court affirmed the judgment. **Id.** at 150. Specifically, the Court held that the addition of prejudgment interest by the clerk[4] was not a clerical error which Rule 60(a) was designed to correct, nor a "mistake" or "inadvertence" under Rule 60(b)(1); rather it was an error of law which could have been raised on appeal or under Rule 59. **Id.** at 153. Furthermore, defendant failed to prove "extraordinary circumstances" justifying relief under Rule 60(b)(6). **Id.** at 155-56.

## Award of Prejudgment Interest was Erroneous

There is much authority for the conclusion that the award of prejudgment interest in the present case, as in **Scola, supra,** was erroneous. First, federal maritime law is the applicable law in this case for the determination of liability and damages, including prejudgment interest, even though the action was brought in state court. **Moore v. McCormack Lines v. Amirault,** 202 F. 2d 893, 897 (1st Cir.

---

[1]Mass. R. Civ. P. 60 is basically identical to Fed. R. Civ. P. 60.

[2]Jury instructions concerning prejudgment interest were neither requested nor given.

[3]**See** discussion **infra** at pp. 3-4.

[4]That the error was made by the clerk rather than the judge did not convert a legal error into a clerical one. **Scola, supra** at 154. **Contra, Wicks** v. **Central Railroad Company of New Jersey,** 129 N.J. Super. 145, 322 A.2d 488, 490 (N.J. Super. 1974).

1953); **Morris v. Transworld Drilling Co.,** 365 So.2d 46, 47 (La. App. 1978). See **Petition of United States Steel,** 436 F. 2d 1256, 1278 (6th Cir. 1970); **Scola, supra.** Cf. **Furtado v. Bishop,** 604 F. 2d 80, 97 (1st Cir. 1979) (issue of prejudgment interest closely allied with that of damages).

Second, for personal injury cases brought solely under general maritime law or in conjunction with a claim under the Jones Act, an award of prejudgment interest is discretionary, with the discretion to be exercised by the trier-of-facts. **Scola, supra,** at 150; **Robinson v. Pocahontas, Inc.,** 477 F. 2d 1048, 1053 (1st Cir. 1973); **Canova v. Travelers Insurance Co.,** 406 F. 2d 410, 411 (5th Cir. 1969); **Chagois v. Lykes Bros. Steamship Co.,** 432 F. 2d 388, 395 (5th Cir. 1970), **vacated on other grounds,** 404 U.S. 1009 (1972). Only in cases brought solely under the Jones Act has prejudgment interest been precluded. **Morris v. Transworld Drilling Co.,** 365 So. 2d 46, 47 (La. App. 1978) (court cautions confusion as to rule of law as to Jones Act claims and those brought under general maritime law). In the present case, where no jury instructions as to prejudgment interest were either given or requested, the imposition of prejudgment interest by either the clerk or the judge invaded the province of the jury and was thus erroneous.

### Award of Prejudgment Interest Was Legal Error

The clerk's addition of prejudgment interest to the jury's verdict was a legal error. The error was not merely "ministerial" or "clerical," in that the clerk first had to classify the case and then choose and apply the appropriate law. See **Scola, supra,** at 153. The clerk intended to include prejudgment interest pursuant to G.L. c. 321, sec. 6B. His mistake was the result of "an erroneous interpretation of the law." **Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County,** 545 F. 2d 758, 760 (1st

Cir. 1976); 6A Moore's Federal Practice p. 60.06(4), at 4067-68 (2d ed. 1979). **Trustees of Boston & Maine Corp. v. Massachusetts Bay Transportation Authority,** 367 Mass. 57 (1975), cited by defendant, in which the Court allowed a Rule 60(a) motion for the correction of an award of prejudgment interest, is distinguishable. In that case, the confirmation of the arbitrator's award was not a money judgment to which interest should be added pursuant to G.L. c. 251, sec. 14 and G.L. c. 231, sec. 6B. Also distinguishable are those cases[5] in which the failure to include an "unconditional statutory right" to prejudgment interest was a clerical error correctable by a Rule 60(a) motion. **Scola, supra,** at 153. In the present case, any prejudgment interest award is discretionary.

### Mass. R. Civ. P. 60(a) or 60(b)(1) Inapplicable for Correction of Legal Errors

On its face, Mass. R. Civ. P. 60(a) is limited to the correction of clerical errors which result "from oversight or omission," not from deliberate action. See Mass. R. Civ. P. 60(a), Reporters' Notes (1973). As this Court has determined the award here was "based on an erroneous interpretation of the law," Rule 60(a) is thus not applicable. **Morgan Guaranty, supra,** at 760; **Scola, supra,** at 153; **Lee v. Joseph E. Seagram & Sons, Inc.,** 592 F. 2d 39, 43 & n.4 (2d Cir. 1979). Neither is Rule 60(b)(1), which allows relief for "mistake, inadvertence, surprise, or excusable neglect," appropriate for correction of legal errors. **Silk v. Sandoval,** 435 F. 2d 1266, 1267 (1st Cir. 1971), **cert. denied** 402 U.S. 1012 (1971); **Scola, supra,** at 154; **Morgan Guaranty, supra,** at 760. Furthermore, defendant's motion pursuant to Rule 60(b) should be denied as untimely. The courts have interpreted the "reasonable

---

[5]See cases cited in **Scola, supra,** at 153.

time'' requirement of Rule 60(b) as not exceeding the time available for appeal.[6]

**Scola, supra,** at 154; **Morgan Guaranty, supra,** at 760 n.3; **Hoffman v. Celebrezze,** 405 F. 2d 833 (8th Cir. 1969). As the court in **Scola, supra,** noted, to allow ''the use of Rule 60(b) as an escape from (Rule 59) introduces an unacceptable contradiction to an important principle underlying the finality of judgments.'' **Scola, supra,** at 154.

**Mass. R. Civ. P. 60(b)(6)**

Mass. R. Civ. P. 60(b)(6) allows relief from final judgment for ''any other reason justifying relief.'' The motion must be made within a reasonable time, must be based on some reason other than those provided by Rule 60(b)(1)-(5), and must be ''substantial enough to warrant relief.'' Mass. R. Civ. P. 60(b)(6), Reporters' Notes (1973). Not only was defendant's motion untimely[7] but it has also failed to indicate extraordinary circumstances justifying relief. **Artco, Inc. v. DiFruscia,** 5 Mass. App. Ct. 513, 517 (1977); **Scola, supra,** at 155; **Silk v. Sandoval, supra.** The errors committed in this case have ''not left the parties in a posture that assuredly represent(s) a miscarriage of justice.'' **Scola, supra,** at 155. To grant defendant's motion under these circumstances is ''beyond the authority granted by Rule 60(b)(6).'' **Scola, supra,** at 154.

### ORDER

For the foregoing reasons, defendant's Motion to Correct Clerical Mistake in Judgment is hereby denied.

**William G. Young**
**Justice of the Superior Court**

---

[6]A motion under Rule 59 to alter or amend a judgment must be served within ten days after entry of judgment.

[7]**See** discussion **supra** at 5. Defendant's motion was not filed until nearly five months after judgment entered.