**Howard DOYLE, Plaintiff,**

v.

**The CITY OF NEW YORK, and its agents, among them Police Officer Joseph Chinea, Police Officer George Kessler, and Police Lieutenant William Duane, Centre Firearms Company, Inc., Defendants.**

**No. 83 Civ. 1286 (LFM).**

United States District Court, S.D. New York.

Feb. 27, 1984.

Lipsig, Sullivan & Liapakis, P.C. by Theodore F. Kerin and John M. Tomsky, New York City, for plaintiff.

Stuart, Zavin, Sinnreich & Wasserman by Jonathan Sinnreich and Janet L. Shprintz, New York City, for defendants City of New York, Joseph Chinea and George Kessler.

Robert I. Elan, Lake Success, N.Y., for defendant Centre Firearms Co., Inc.

OPINION

MacMAHON, District Judge.

Plaintiff moves for an order, pursuant to Fed.R.Civ.P. 60, vacating a stipulation of discontinuance entered on August 15, 1983. Defendants oppose this motion and move for attorneys' fees pursuant to 42 U.S.C. § 1988. We deny plaintiff's motion and award to defendants those attorneys' fees reasonably incurred in opposing this motion.

## Background

Plaintiff brought this civil rights action for damages after an incident on February 19, 1982 in which he was allegedly assaulted, falsely arrested, and, later, maliciously prosecuted by a number of New York City police officers. At the time of his arrest, plaintiff was on his way home from a costume party, dressed in a cowboy outfit with a prop gun. Criminal charges brought against him were dismissed on April 8, 1982. Plaintiff then initiated this action, naming as defendants the City of New York, individual police officers, and Centre Firearms Co., Inc., lessor of the prop gun to plaintiff.

According to plaintiff, the stipulation of discontinuance at issue here was intended to apply only to defendant Centre Firearms and not to the City defendants. Plaintiff's version is as follows:

A stipulation of discontinuance was submitted to the court signed by plaintiff's counsel and counsel for Centre Firearms. The court's deputy clerk then called the offices of plaintiff's counsel to inquire whether the other defendants should also have signed the stipulation. Plaintiff's counsel was on vacation and allegedly not consulted, but his secretary, nevertheless, arranged to have the stipulation delivered to counsel for the City defendants for signature and resubmission to the court. Plaintiff's counsel did not learn about the alleged mistake until returning from vacation and now claims that there was never any agreement to discontinue the case against the City defendants.

Counsel for the City defendants responds that, after she filed a motion to dismiss all claims against the City defendants, she did in fact have discussions with plaintiff's counsel regarding discontinuance of the entire action. The return date on the motion to dismiss was August 26, 1983, so when the stipulation was presented to her for signature on August 24, she claims that it was perfectly logical for her to sign it. She also points out, and plaintiff admits, that the federal civil rights claims against the City defendants are meritless. In fact, plaintiff agrees that they should be dismissed but contends that defendants agreed to a "remand" of the pendent state claims to state court.

## Discussion

The applicable Federal Rule of Civil Procedure, Rule 60, is set forth in the margin.[1]

---

1. "Rule 60. Relief from Judgment or Order

(a) Clerical Mistakes. Clerical Mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judg-

ment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

We note at the outset that the alleged mistake in the stipulation is not the kind of clerical mistake to which Rule 60(a) applies.[2] It is not a mere error in recording or an oversight, but goes to the disposition of the case itself.[3] Plaintiff's motion, therefore, is properly considered under Rule 60(b)(1) to which we now turn.

■ In deciding that plaintiff is not entitled to the relief sought under Rule 60(b)(1), we begin with two undisputed facts. First, plaintiff never responded to the City defendants' motion to dismiss, returnable on August 26, 1983. If plaintiff had no intention of discontinuing the entire action, he should have filed opposing papers to the motion. Second, plaintiff claims that the City defendants agreed to a voluntary dismissal of the federal claims on the condition that the state law claims be transferred to state court, but a stipulation to that effect was not sent to defendants until October 4, 1983, almost six weeks after the August 26 return date. There is, of course, no reason why defense counsel should agree to a stipulation like that in any event since the state statute of limitations has long since run.

In short, it appears that plaintiff's counsel wants to undo his own mistakes. If, as plaintiff's counsel contends, the secretary in his office mistakenly forwarded the stipulation to defense counsel, we cannot understand why counsel made no arrangements to respond to the motion to dismiss by the return date. We also point out to plaintiff's counsel that a federal court only "remands" cases to state court when they are originally filed in state court and improperly removed to federal court. The kind of "remand" he wants simply does not exist.

It is clear that the kind of mistake, neglect, or ignorance of the law attributable to counsel here is not the kind contemplated by Rule 60(b)(1).[4] It appears, for example, that counsel should have brought this action in state court initially within the one-year statute of limitations. This type of erroneous judgment is not a ground for relief under Rule 60(b)(1).[5]

■ We note finally that relief from the stipulation would not even benefit plaintiff in this lawsuit. Plaintiff admits that the federal civil rights claims are totally meritless. Once those claims are dismissed, the pendent state claims must be dismissed as well.[6] The state statute of limitations has run, so plaintiff would have no way to pursue the case. We therefore think defendants should be awarded attorneys' fees incurred in opposing this motion, as it is not at all clear what plaintiff hoped to accomplish by it.[7]

Accordingly, plaintiff's motion to vacate the stipulation of discontinuance is denied. Defendants are awarded $500.00 as reasonable attorneys' fees incurred in opposing this motion, and plaintiff is directed to pay that sum to defendants within twenty (20) days.

So ordered.

---

2. See 6A *Moore's Federal Practice* ¶ 60.06[3].

3. *International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977). *See also Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 152–53 (1st Cir. 1980).

4. *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir.1976); *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.1971). *See also 7 Moore's Federal Practice* ¶ 60.22[2].

5. *See Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299, 300–01 (2d Cir.1958).

6. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

7. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).