915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
REAL PROPERTY AND BUILDING AT 105 BAYSIDE ROAD, QUINCY,
MASSACHUSETTS, Defendant, Appellee,
Dorothy Karvjian, Appellant.
 No. 90-1192.
 United States Court of Appeals, First Circuit.
 Aug. 6, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts, William G. Young, District Judge.
 Barry M. Haight, Buckley, Haight, Muldoon, Jubinville & Gilligan, and Dana Alan Curhan on brief, for appellant.
 Wayne A. Budd, United States Attorney, and Christopher F. Bator, Assistant U.S. Attorney, on brief, for appellee United States of America.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Dorothy Karvjian, purchased a house in Quincy, Massachusetts in 1969. By deed dated September 2, 1986 Mrs. Karvjian transferred title to the property to her son, Peter Karvjian. In October 1986 Peter Karvjian was arrested for selling drugs to an agent of the federal Drug Enforcement Administration. The DEA's investigation showed that Peter had used the Quincy house as a base for his drug operations.
 
 
 2
 Peter Karvjian pled guilty to violations of the federal drug laws in April 1987. In November 1987 the Government filed a complaint for forfeiture of the Quincy house under the federal civil forfeiture statute, 21 U.S.C. Sec. 881(a)(7). An attorney named Frank Marchetti filed an answer on behalf of an unnamed "defendant" and supplemented the answer with two affidavits, one from Mrs. Karvjian and one from her son. The answer and affidavits stated that Mrs. Karvjian had transferred title to her son only as a "convenience" to enable her to obtain a mortgage on the Quincy house, and that Mrs. Karvjian therefore still was the "actual owner" of the property.
 
 
 3
 Almost two years later, in September 1989, the Government filed a motion for summary judgment in the forfeiture case. The Government argued that it was entitled to summary judgment because there was no dispute that the property had been used for unlawful purposes, and because the only party to contest the forfeiture--Mrs. Karvjian--neither lived at, controlled nor possessed title to the property and thus lacked standing to do so. Attorney Marchetti responded to the motion for summary judgment with an opposition filed on Mrs. Karvjian's behalf. The gist of the opposition was identical to that of the answer to the complaint: Mrs. Karvjian had transferred title to Peter only as "a convenience", in order to obtain a mortgage, and was still the "actual owner" of the Quincy house; Mrs. Karvjian was "innocent of any knowledge of her son's wrongdoing"; therefore, the Government was not entitled to the house. The opposition was not supported by fresh affidavits, although counsel represented in his memorandum that Mrs. Karvjian was "prepared to offer" further evidence.
 
 
 4
 In November 1989, the district court granted the motion for summary judgment without comment. Attorney Marchetti filed a motion for reconsideration, which the court denied. Marchetti then, to all appearances, withdrew from the case. In January 1990, new counsel for Mrs. Karvjian appeared and filed, among other papers, a motion to vacate the judgment under Fed.R.Civ.P. 60(b). The district court denied the motion, and this appeal followed.
 
 
 5
 The only issue on appeal is the propriety of the district court's decision to deny the Rule 60(b) motion. This appeal is not an opportunity for the parties to relitigate the merits of the underlying motion for summary judgment. Rather, "our review is limited to the denial of the contested motion itself...." Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28-29 (1st Cir.1988). See also Lepore v. Vidockler, 792 F.2d 272, 273-74 (1st Cir.1986) (appeal raised only the order denying Rule 60(b) motion, not the underlying grant of summary judgment). We note, moreover, that the treatment of a Rule 60(b) motion is committed to the discretion of the district court and may be reversed only upon a finding of an abuse of that discretion. Ojeda-Toro v. Rivera-Mendez, 853 F.2d at 28-29. In the context of a Rule 60(b) motion, an abuse of discretion is established only where no reasonable man could agree with the district court; if reasonable men could differ as to the propriety of the court's action, no abuse of discretion has been shown. Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 795-96 (7th Cir.1980).
 
 
 6
 Mrs. Karvjian presents two arguments on appeal. First, she contends that the district court committed an error of law when it granted the motion for a summary judgment, and that Mrs. Karvjian therefore was entitled to relief from judgment under Rule 60(b)(6).
 
 
 7
 Rule 60(b)(6), however, is not a vehicle for providing relief from a summary judgment based on an error of law. Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir.1971). Issues as to the legal correctness of a judgment are properly brought before the court pursuant to Rule 59(e), providing for the amendment or alteration of judgments. Cutler v. Lewiston Daily Sun, 103 F.R.D. 172, 175 (D.Me.1984). While a party will not be held to the label of its motion if relief is otherwise available under another provision of the rules, id., Mrs. Karvjian quite plainly was not entitled to relief under Rule 59(e): her motion to vacate the judgment, dated January 12, 1990, came long after the 10-day limit for filing Rule 59(e) motions had expired. The district court had no power to enlarge this time limitation, see Scola v. Boat Frances R., Inc., 618 F.2d 147, 154 (1st Cir.1980), and thus was not merely justified in denying, but required to deny, the request for relief from the allegedly erroneous judgment.
 
 
 8
 Mrs. Karvjian's second argument on appeal is founded on Rule 60(b)(1), which allows for relief from judgment on grounds of "excusable neglect." According to Mrs. Karvjian, the neglect here consisted of Attorney Marchetti's failure to mount an effective opposition to the motion for summary judgment; specifically, his failure to submit certain documents which, Mrs. Karvjian now contends, would have shown the existence of a triable issue as to her standing to contest the forfeiture. This neglect was "excusable," the argument goes, because it was due to the fact that Marchetti did not actually represent Mrs. Karvjian; he represented only her son, Mrs. Karvjian now claims, although she reasonably believed that he was her lawyer. Yet there is no affidavit, and no other evidentiary support in the record, that Attorney Marchetti was not authorized to represent Mrs. Karvjian.
 
 
 9
 Our analysis starts with the basic proposition that "all parties are bound by the acts of their attorneys." Ojeda-Toro v. Rivera-Mendez, 853 F.2d at 30, citing Link v. Wabash Railroad Co., 370 U.S. 626. Mrs. Karvjian's argument thus rises or falls with the contention that Marchetti was not her lawyer. This crucial factual premise, however, is not at all borne out by the record. To the contrary, the opposition to the motion for summary judgment mentions Mrs. Karvjian prominently and repeatedly, argues explicitly on behalf of her interests, asks that "said property be returned to Dorothy Karvjian" and is signed by Marchetti under the notation, "By her attorney". True, Marchetti's other filings do display a certain looseness as to the identity of his client--some are filed in the name of Peter Karvjian, some on behalf of the property itself--but the tenor and content of his arguments to the court make it clear that Marchetti consciously attempted to represent Mrs. Karvjian's interests throughout, in particular when he filed the opposition to the motion for summary judgment.
 
 
 10
 A defeated litigant, moreover, "cannot set aside a judgment ... because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." Mas Marques v. Digital Equipment Corp., 637 F.2d 24, 29 (1st Cir.1980), quoting 11 Wright & Miller, Federal Practice and Procedure Sec. 2858 at 170-73. See also Lloyd v. Carnation Company, 101 F.R.D. 346 (M.D.N.C.1984); Sears, Sucsy v. Insurance Company of North America, 392 F.Supp. 398, 412 (N.D.Ill.1975). Rather, a party asking for relief under Rule 60(b)(1) as a result of her attorney's alleged neglect must "shoulder a fairly heavy burden." Greene v. Union Mutual Life Insurance Company of America, 764 F.2d 19, 22-23 (1st Cir.1985). Relief is available only under "unique or extraordinary" circumstances, McDermott v. Lehman, 594 F.Supp. 1315, 1319 (D.Me.1984), and only where the litigant can show why she was justified in failing to avoid the neglect. See Mas Marques v. Digital Equipment Corp., 637 F.2d at 29.
 
 
 11
 Mrs. Karvjian has not shown that she was justified in failing to present the district court with all useful facts known to her at the time the district court decided the motion for summary judgment. Her argument here rests on the notion that Marchetti committed "neglect" by failing to present evidence which he had (or knew about) and thus could have presented to the court. If Mrs. Karvjian never gave Marchetti the evidence, on the other hand, then the "neglect" was hers alone, and inexcusable. Mrs. Karvjian makes no showing at all on this crucial issue: the record is silent as to how the alleged neglect came about. In the absence of any evidence pointing in either direction, we see no reason to conclude that the case for relief on grounds of excusable neglect was so strong that the district court abused its discretion in denying the motion to vacate the judgment.
 
 
 12
 As we noted at the outset, we do not have occasion here to relitigate the underlying motion for summary judgment. We need not determine whether Mrs. Karvjian could have presented a meritorious argument at some stage of the proceedings below. The fact is that she did not do so when called upon by the district court and by the rules, and the district court as a consequence acted within its discretion when it denied the motion to vacate judgment.
 
 
 13
 Affirmed.