744 F.2d 887
 UNITED STATES of America, Plaintiff, Appellee,
v.
NESGLO, INC., etc., et al., Defendants and Third-Party
Plaintiffs, Appellants,
v.
The CHASE MANHATTAN BANK, N.A., etc., Third-Party
Defendants, Appellees.
UNITED STATES of America, Plaintiff, Appellee,
v.
NESGLO, INC., etc., et al., Defendants and Third-Party
Plaintiffs, Appellants,
v.
The CHASE MANHATTAN BANK, N.A., etc., Third-Party
Defendants, Appellees.
 Nos. 83-1898, 84-1065.
 United States Court of Appeals,
First Circuit.
 Submitted June 8, 1984.
Decided Sept. 20, 1984.
 
 Edelmiro Salas Garcia, Hato Rey, P.R., on brief, for defendants and third-party plaintiffs, appellants, Nesglo, Inc., etc.
 Jay A. Garcia Gregory, San Juan, P.R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P.R., were on brief, for third-party defendants, appellees, The Chase Manhattan Bank, N.A., etc.
 Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.
 LEVIN H. CAMPBELL, Chief Judge.
 
 
 1
 This is an appeal from an order entered by the United States District Court for the District of Puerto Rico on October 31, 1983, awarding appellees the sum of $11,880 in attorneys' fees and $123.75 in costs to be satisfied by Mr. Edelmiro Salas Garcia, counsel for appellants, pursuant to 28 U.S.C. Sec. 1927.
 
 I. FACTS
 
 2
 On September 13, 1982, the United States filed a complaint against Nesglo, Inc., and its sole shareholders, Nestor Cruz Soto and Gloria Diaz de Cruz (collectively, appellants), seeking collection on a promissory note and foreclosure of a mortgage. On March 8, 1983, appellants filed a third-party complaint against the Chase Manhattan Bank, N.A., and two of its officers, Enrique Fernandez and Stanley Zych (collectively, appellees). Appellants alleged that appellees had engaged in a variety of illegal activities in the course of the parties' relationship and prayed for damages. Although appellants now contend that, due to appellees' conduct, they were deprived of financial stability and thus were unable to meet their obligations to the United States, they alleged no such connection with the main action in the third-party complaint.
 
 
 3
 Appellants' claims in the third-party complaint were the same as, or similar to, claims that appellants made in two earlier cases. We briefly describe these prior cases so as to clarify the district court's actions below.[1]
 
 
 4
 In the first case, Chase sued appellants in the Superior Court of Puerto Rico, San Juan Part, to collect on promissory notes secured by a factor's lien. In their answer and counterclaim, appellants made claims very similar to those contained in the instant third-party complaint. Appellants then initiated a second action in the United States District Court for the District of Puerto Rico and repeated essentially the same claims.
 
 
 5
 On December 2, 1980, the district court dismissed the latter action for lack of jurisdiction, Nesglo, Inc. v. Chase Manhattan Bank, N.A., 506 F.Supp. 254 (D.P.R.1980), and appellants appealed. While the appeal was pending, the Superior Court of Puerto Rico issued an opinion and judgment dated May 15, 1981, striking all of appellants' answers and affirmative defenses and dismissing with prejudice all counterclaims. The superior court defaulted the appellants and entered judgment for appellees. The court cited appellants' willful failure to comply with discovery orders and abuse of the Commonwealth's adjudicatory process as grounds for its judgment. See Nesglo, Inc. v. Chase Manhattan Bank, N.A., 562 F.Supp. 1029, 1034 (D.P.R.), aff'd memo, No. 81-1097 (1st Cir. Mar. 4, 1983, cert. denied, --- U.S. ----, 104 S.Ct. 342, 78 L.Ed.2d 310 (1983). All of appellants' subsequent motions and petitions were denied.
 
 
 6
 This circuit remanded appellants' appeal in the dismissed federal action for findings on mootness in light of the superior court's judgment. On February 8, 1983, the district court substituted for its prior judgment of dismissal, Nesglo, 506 F.Supp. 265, another judgment of dismissal on the ground of mootness. Nesglo, 562 F.Supp. 1029 (giving full faith and credit and preclusive effect to Commonwealth court judgment). Finally, on March 4, 1983, this circuit summarily affirmed the district court's finding and recommendation.
 
 
 7
 Thus, appellants commenced the present third-party action after the Commonwealth court had dismissed the same claims with prejudice, and after the district court and this court had agreed that the Commonwealth judgment precluded further litigation of the claims. With this in mind, we turn to the facts of the present dispute.
 
 
 8
 Although appellants filed their third-party complaint on March 8, 1983, they did not serve appellees until March 29, 1983. On May 12, 1983, Mr. Salas moved for a continuance of the pretrial conference set for May 25, 1983, because he would be absent from Puerto Rico until the first week of June. The magistrate granted the motion and the pretrial conference was set for June 6, 1983. The court did not, however, stay proceedings in Mr. Salas's absence, and he did not request such a stay. Accordingly, appellees, after receiving two extensions, responded to appellants' complaint with a timely motion to dismiss and a supplementary motion to dismiss on May 25-26, 1983.
 
 
 9
 In its motions, appellees argued that the third-party action was improper under Fed.R.Civ.P. 14 and that appellants' claims were barred under mootness and res judicata principles. In the initial motion, appellees sought attorneys' fees and costs from Mr. Salas for his bad faith in renewing suit on the already adjudicated claims. In its supplementary motion, appellees cited 28 U.S.C. Sec. 1927 and the court's inherent power as authority for such an award.
 
 
 10
 Under the Local Rules of the United States District Court for the District of Puerto Rico, appellants had until June 8, 1983 to file a response or move for an extension. Appellants did not timely respond, nor did they make a late response, which is permissible upon a showing of "excusable neglect."
 
 
 11
 On July 26, 1983, appellants finally moved for an extension to respond to appellees' motion, citing as justification their preoccupation due to preparation of a petition for certiorari in the Nesglo, Inc. v. Chase Manhattan Bank, N.A. case.[2] Appellees opposed the motion.
 
 
 12
 Appellants never filed a response and on September 14, 1983, the district court dismissed appellants' complaint and found Mr. Salas personally liable for attorneys' fees and costs under section 1927. The court fixed September 23, 1983 as the date for the hearing to determine the amount of costs and fees but, at Mr. Salas's request, rescheduled the hearing for October 14, 1983.
 
 
 13
 On October 12, 1983, appellees' counsel filed and served on Mr. Salas a bill of costs and affidavits and schedules setting out the time spent, rates charged, and services rendered by them in connection with appellees' defense. Appellees also served an informative motion stating the witnesses appellees would call at the hearing.
 
 
 14
 The hearing was held on October 14 and continued on October 17. The court deferred admission of the affidavits and schedules into evidence and required counsel to testify. Counsel testified on direct and were cross-examined at length by Mr. Salas. The district court also questioned the witnesses on the nature and extent of their work, hours and pay.
 
 
 15
 Appellees called an expert legal witness, Mr. Rafael Perez-Bachs, Esquire, who testified on the prevailing local market rates for legal work and the reasonableness of the overall fees charged. Mr. Salas also took the stand.
 
 
 16
 On October 31, 1983, the district court awarded appellees $11,880 in attorneys' fees and $123.75 in costs.
 
 II. HEARING
 
 17
 Appellants contend that the district court abused its discretion and deprived them of due process by awarding attorneys' fees against them under 28 U.S.C. Sec. 1927 without first holding a hearing on the question of whether Mr. Salas acted in bad faith in filing the third-party complaint.
 
 
 18
 The district court did not, however, "deny" Mr. Salas notice and a hearing. Mr. Salas had adequate notice of appellees' motion and the deadline for responsive papers but chose to disregard them. The Local Rules of the United States District Court for the District of Puerto Rico require that "[i]f no response to a motion including brief, is filed within ten days, or within such additional or shorter period of time as may be fixed by the Court, the motion will be considered and decided without a hearing, unless otherwise ordered by the Court." D.P.R.C.P.R. 8 I (1984). Further, the rules provide that failure to file a timely response and brief "shall constitute a waiver, except upon a showing of excusable neglect, to thereafter file such brief or response." D.P.R.C.P.R. 8 L (1984). Despite appellants' knowledge of these rules, their only response to appellees' motion was a request, made two months after the due date for responsive papers, for an extension of time to respond to appellees' motion to dismiss. Thus at no time prior to the court's decision of September 14, 1983 dismissing the third-party complaint and finding Nesglo's counsel personally liable for appellees' fees and costs did appellants file any response to appellees' motion or request a hearing.
 
 
 19
 Even after the order of September 14, 1983, Mr. Salas did not move for reconsideration based on lack of hearing. He participated in the hearing conducted to determine the amount of costs and fees without raising the issue. In sum, appellants and Mr. Salas had many opportunities to respond and secure a hearing but chose not to pursue them. Their present complaint of a due process violation is entirely frivolous, as they received just what they argue the Supreme Court requires: "fair notice and an opportunity for a hearing on the record." Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980) (emphasis added).
 
 
 20
 We add that hearings prior to awarding attorneys' fees, although desirable, are not invariably required. In Kargman v. Sullivan, 589 F.2d 63, 67 (1st Cir.1978), we determined that a hearing was not required in part because the district court had no reason to believe that the motion was opposed. Id. The same is true in the case at bar. Appellants failed to respond to appellees' motion or request a hearing in the ten days mandated by the Local Rules or in the three months that elapsed between the due date for the responsive papers and the entry of the court's order. In view of appellants' inaction, the district court reasonably could presume that appellants did not mean to contest the motion. Not until this appeal did appellants indicate that they wanted to be heard to oppose substantively appellees' motion for a fees award.
 
 
 21
 Another factor that militates toward a finding that a hearing was unnecessary is the degree of familiarity the court had with the parties and the litigation. Cf. Miles v. Sampson, 675 F.2d 5, 9-10 (1st Cir.1982) (no hearing required to determine fees award because of the court's extensive familiarity with case); Copeland v. Marshall, 641 F.2d 880, 905 (D.C.Cir.1980). The district judge heard the trial of appellants' direct suit against appellees and has presided over the course of this third-party litigation. He was well acquainted with the conduct of both parties and, in particular, of appellants' counsel, Mr. Salas. The district court concluded:
 
 
 22
 Due to our familiarity with the labyrinthine proceedings in Civil No. 79-1674, there is no need to hold a hearing to determine that in the present case counsel for defendants has proceeded in bad faith in seeking to relitigate issues already adjudicated and thereby abusing the processes of this Court and causing unnecessary burden upon third party defendants with unwarranted increases in the cost of litigation.... Our valuable time and limited resources have also been heavily and unnecessarily misused by Nesglo's attorney without any valid or justifiable reason. He has not only intentionally departed from the proper conduct that should be observed by lawyers practicing before a federal court, but has also shown a reckless disregard of duty owed the court.
 
 
 23
 United States v. Nesglo, Inc., No. 82-2250 (D.P.R.) (order requiring Mr. Salas to pay appellees' costs and attorneys' fees).
 
 
 24
 Given appellants', and more particularly their counsel's, objectionable conduct in the tortuous course of this litigation, the district court's finding of bad faith is plainly not clearly erroneous. See McCandless v. Great Atlantic & Pacific Tea Co., 697 F.2d 198, 201 (7th Cir.1983). The same claims contained in appellants' third-party complaint against appellees were dismissed with prejudice in the Commonwealth court. See Nesglo, 562 F.Supp. at 1032, 1034. The same claims in another federal action were dismissed as moot because of the Commonwealth court's judgment. See id. Hence the district court quite properly concluded that the third-party complaint was barred under well-settled principles of res judicata and mootness. See Nesglo, 562 F.Supp. 1029.
 
 
 25
 Appellants contend that because they had filed a petition for certiorari to contest this issue, and the possibility thus existed that the Supreme Court would overturn the lower courts' mootness determination, the third-party complaint may not be deemed frivolous. This contention is itself frivolous. The mere filing of the petition, later denied by the Supreme Court, gave appellants no right to relitigate the well-settled issue. The third-party claims were, moreover, not only precluded, they were out of conformity with Fed.R.Civ.P. 14. The district court could justifiably infer that appellants' attorney was not suing appellees because he believed that appellees were or might be liable to appellants for all or part of the United States claim against them.
 
 
 26
 After Mr. Salas had filed these frivolous and improper claims for his clients, he failed to proceed with the case in a responsible manner, relying instead on inaction and motions to delay or continue any action taken by appellees. The district court could supportably have found that Mr. Salas displayed a "serious and studied disregard for the orderly process of justice" that warranted liability under section 1927. Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163 (7th Cir.1968). This is a case where an award of attorneys' fees to appellees under section 1927 was not only justified but virtually compelled by the blatant misconduct of appellants and their counsel.
 
 III. AMOUNT OF AWARD
 
 27
 Appellants' challenge to the amount of the fees award is no more compelling than the rest of their appeal. They seem to argue that the district court's failure to hold a hearing on whether attorneys' fees should be awarded resulted in a misestimation of the fees award. This argument is unpersuasive given the fact that the district court held a two-day hearing, in which both sides participated, on the precise issue of the amount of the award.
 
 
 28
 Appellants also seem to be complaining that the court abused its discretion by insufficiently scrutinizing appellees' counsel's bill and, in particular, the amount of hours appellees' counsel claim to have invested in the motion to dismiss. The district court's finding is reviewable "only for errors of law or abuse of discretion." Maceira v. Pagan, 698 F.2d 38, 39 (1st Cir.1983); Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir.1980). This court will not be ready to find abuse, and " '[i]f the district court has applied the correct criteria to the facts of the case, then it is fair to say that we will defer to its exercise of discretion.' " Maceira, 698 F.2d at 39 (quoting Lindy Bros. Builders, Inc. v. American Radiator Sanitary Corp., 540 F.2d 102, 116 (3d Cir.1976)).
 
 
 29
 The district court used the "lodestar" method of fees calculation approved by this circuit in Furtado v. Bishop, 635 F.2d 915. A lodestar fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit. Miles v. Sampson, 675 F.2d 5, 8 (1st Cir.1982). The lodestar then may be adjusted to reflect factors, such as the quality of legal representation, that may not have already been taken into account in computing the lodestar. Id. In this case, the district court found, on the basis of oral testimony, that $110 an hour is a reasonable rate for work performed by a partner and is consistent with the rates charged by comparable law firms in Puerto Rico. The district court then multiplied this fee by 108 hours, which represented only 75 percent of the hours actually claimed, to arrive at an award of $11,880. It also awarded $123.75 in costs, which amount appellants do not challenge. Further adjustment of this fee to reflect other factors was not made, but neither was it sought. We see no reason to set aside the court's calculation.
 
 
 30
 IV. DOUBLE COSTS AND ATTORNEYS' FEES ON APPEAL
 
 
 31
 It is clear that this appeal, like the proceedings from which it is taken, is frivolous and vexatious. It has succeeded only in delaying Mr. Salas's payment of appellees' award and in forcing appellees to defend an insubstantial appeal.
 
 
 32
 Mr. Salas's frivolous appeal of a sanction for bringing frivolous litigation borders on abuse of process. See Good Hope Refineries, Inc. v. R.D. Brashear, 588 F.2d 846, 848 (1st Cir.1978). This attorney has once again "multiplie[d] the proceedings ... unreasonably and vexatiously" within the meaning of 28 U.S.C. Sec. 1927. We therefore direct Mr. Salas personally to pay appellees' reasonable costs for attorneys' fees on this appeal under section 1927. The district court is directed to determine the amount of such fees in the event of any dispute. Additionally, appellants are not wholly without fault as both actions were brought in their name and pursued at least nominally on their behalf. Therefore, we assess double costs against appellants under Fed.R.App.P. 38.
 
 
 33
 Affirmed.
 
 
 
 [1]
 The course of the earlier litigation is described in some detail in Nesglo, Inc. v. Chase Manhattan Bank, N.A., 562 F.Supp. 1029 (D.P.R.), aff'd mem., No. 81-1097 (1st Cir. Mar. 4, 1983), cert. denied, --- U.S. ----, 104 S.Ct. 342, 78 L.Ed.2d 310 (1983)
 
 
 [2]
 Appellants filed a petition for certiorari on July 27, 1983, which was denied on October 31, 1983