Carl L. CUTLER, Thomas E.
Blackburn, and Michael R.
Baird, Plaintiffs,

v.

LEWISTON DAILY SUN, Defendant.

Civ. No. 84–0042–P.

United States District Court,
D. Maine.

Oct. 4, 1984.

Robert S. Hark, Isaacson, Hark & Epstein, Lewiston, Me., for plaintiffs.

Judith W. Andrucki, Norman R. Croteau, Marshall, Raymond & Beliveau, P.A., Lewiston, Me., L. Michael Zinser, King, Ballow & Little, Nashville, Tenn., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

This case comes before the Court on Plaintiffs' Motion for Relief from Judgment, filed on August 7, 1984. Plaintiffs seek reconsideration of the Court's Order, entered via the Clerk of Courts on August 6, 1984, pursuant to Local Rule 19(c), which granted Defendant's Motion for Summary Judgment.

Defendant's Motion for Summary Judgment and Statement of Undisputed Facts were filed on July 24, 1984. On August 6, 1984, the motion was granted by the endorsement of the Clerk, acting for the Court: "No objection having been filed, motion *granted* per Local Rule 19(c)." (Emphasis in original.) The basis of the Court's action was Plaintiff's failure to comply with Local Rule 19(c) by failing to file within ten days after the filing of Defendant's motion "a written objection thereto." By virtue of that failure, Plaintiff was "deemed to have waived objection" to the motion, empowering the Court to act upon it. Local Rule 19(c).

On August 7, 1984, Plaintiffs filed their Motion for Relief from Judgment, accompanied by a supporting memorandum, an affidavit by Plaintiffs' attorney, and Plaintiffs' Response to Defendant's Statement of Undisputed Facts. Plaintiffs filed an amended memorandum on August 7, 1984. Defendant filed its objection to Plaintiffs' Motion for Relief from Judgment and a memorandum of law on August 17, 1984. Plaintiffs filed a reply memorandum on August 23, 1984.

Plaintiffs seek relief pursuant to Fed.R. Civ.P. 60(b)(3) and 60(b)(6). First, they contend that Defendant's representation, in its

Motion for Summary Judgment, that certain facts were undisputed amounted to "misconduct" justifying relief under Rule 60(b)(3). Alternatively, they argue that Defendant's motion so obviously lacks merit that relief should be granted under Rule 60(b)(6).

## I.

■ Relief pursuant to Rule 60(b)(3) is not justified upon these facts. Relief may be had under Rule 60(b)(3) for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Defendant's Statement of Undisputed Facts, filed in support of its Motion for Summary Judgment, does not amount to "misconduct" by the Defendant.[1]

Moreover, there is no allegation that the judgment was obtained by misconduct of the Defendant. Rather, judgment was granted due to Plaintiffs' own failure to comply with Local Rule 19(c). Defendant's statement of material facts had no bearing upon the entry of judgment in this case under the procedure then followed by this Court in acting under Local Rule 19(c) on Motion for Summary Judgment. *See infra* at p. 176.

■ Nor do Plaintiffs assert proper grounds for relief under Rule 60(b)(6). That rule empowers the Court to grant relief for "any other reason justifying relief from the operation of the judgment." Subsection (6) and subsections (1) to (5) of Rule 60(b) are mutually exclusive. Thus,

despite the breadth of the language of clause (6), it is clear that the clause embraces only grounds for relief not covered by the first five clauses of Rule 60(b). *Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 154–55 (1st Cir.1980); *Lubben v. Selective Service System Board No. 27*, 453 F.2d 645, 651 (1st Cir.1972); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2864, at 217 (1973). Relief from judgment under Rule 60(b)(6) is generally available only in "extraordinary circumstances." *Scola*, 618 F.2d 147, 154, 155–56; *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977); *see also Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950). Error of law in the judgment of the district court is not a proper ground to give relief from a final judgment under Rule 60(b)(6). *Lubben*, 453 F.2d at 651–52; *Martinez-McBean*, 562 F.2d at 912; *see also Ackermann*, 340 U.S. 193, 71 S.Ct. 209.

■ Plaintiffs argue in essence that the summary judgment is so clearly unwarranted, upon the *merits*, that the extraordinary relief afforded by Rule 60(b)(6) should be available. In fact, the cause of the granting of summary judgment was Plaintiffs' failure to object to the motion as required by Local Rule 19(c). Plaintiffs do not claim that their failure to object was *caused* by misconduct by the Defendant. The possibility that Defendant's motion was premature or entirely lacking in merit is no reason to ignore the command of

---

1. Plaintiffs argue that the facts asserted by Defendant in its Statement of Undisputed Facts are so clearly in dispute that Defendant's counsel's having signed the statement is in violation of Fed.R.Civ.P. 11. One important function of summary judgment procedure under Fed.R. Civ.P. 56 is to determine what, if any, issues of fact are present for the trier of fact to determine. 10 C. Wright and A. Miller, *Federal Practice and Procedure* § 2712 at 573 (2d ed. 1983). Local Rule 19(b) facilitates this function by requiring both the moving party *and* the non-moving party to present short and concise statements of material facts, supported by appropriate record citations. The moving party is to file a statement of facts as to which he *"contends there is no genuine issue to be tried."* Local

Rule 19(b)(1) (emphasis added). The opposing party has an opportunity to file his own statement of material facts, and it is from both these statements, considered together, that the Court determines whether facts are disputed. In the context of this clearly adversary procedure, a moving party is not obligated to ascertain whether certain facts are undisputed before including them in this statement. This is not to say that frivolous motions or assertions of facts that are clearly unsupported will be tolerated. Plaintiffs here argue, however, not that the facts asserted by Defendant are *unsupported*, but that they are *disputed*. The proper way to present this position is by filing responsive papers to the motion in accordance with Rule 56 and Local Rule 19.

Local Rule 19(c); it is all the more reason why a non-moving party should want to object promptly.

Plaintiffs' Motion for Relief from Judgment and supporting papers contain no reason for Plaintiffs' failure to object to Defendant's Motion for Summary Judgment. The Court can only conclude that the failure was caused by the neglect of counsel, and there is no indication that the neglect rises to the level of "excusable neglect" for which relief would be granted under Rule 60(b)(1).[2] There has been no showing of "unique or extraordinary" circumstances justifying relief. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir. 1976), *cert. denied* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), *reh'g denied* 429 U.S. 988, 97 S.Ct. 513, 50 L.Ed.2d 601 (1976); *Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me.1984).

## II.

■ Plaintiffs' memorandum in support of their Motion for Relief from Judgment also raises the argument that summary judgment should not be granted unless the motion has merit. This argument addresses the question whether the Court applied the proper standard in granting summary judgment. Issues as to the legal correctness of the judgment are properly brought before the Court pursuant to Rule 59(e), rather than Rule 60(b). *See Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 153–4 (1st Cir.1980); *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.1971); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). Plaintiffs' motion was brought pursuant to Rule 60(b). A party, however, will not be held to the label of its motion if relief is otherwise available under another provision of the rules. *Morgan Guaranty Trust Company of New York v. Third National Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir.1976). Plaintiffs' argument, therefore, shall be treated as being raised pursuant to Rule 59(e).[3]

■ This Court recently had occasion to consider the relationship between the standard for summary judgment dictated by Rule 56 and the deemed waiver provision of Local Rule 19(c) in *McDermott v. Lehman*, 594 F.Supp. 1315, Civil No. 82–0295–P (D.Me. Sept. 21, 1984). A court may not grant summary judgment unless the record shows there is no genuine issue of material fact, even if the non-moving party fails entirely to present any responsive papers.[4] *Stepanischen v. Merchants Despatch Transportation Corporation*, 722 F.2d 922, 929–30 (1st Cir.1983); *McDermott v. Lehman*, 594 F.Supp. 1315, Civil No. 82–0295–P (D.Me. Sept. 21, 1984). Thus, failure to comply with Local Rule 19(c) will not result in the automatic granting of a motion for summary judgment. *McDermott*, at 1320. However, in furtherance of the

---

**2.** This is the eighth in a series of recent cases that have come before this Court on applications for relief from an order or judgment of the Court entered for failure to comply with the requirements of Local Rule 19(c) in respect to motion practice. *See McDermott v. Lehman*, 594 F.Supp. 1315, Civil No. 82–0295–P (D.Me. Sept. 21, 1984); *Gideon v. Administrator, United States Small Business Administration*, 102 F.R.D. 604 (D.Me.1984); *Greene v. Union Mutual Life Insurance Co.*, 102 F.R.D. 598 (D.Me. 1984); *Broussard v. CACI, Inc.—FEDERAL*, Civil No. 83–0170–P (D.Me. June 7, 1984); *Gagne v. Carl Bauer Schaubenfabrick, GmbH*, Civil No. 82–0134–P (D.Me. June 7, 1984); *Picucci v. Town of Kittery*, Civil No. 83–0242–P (D.Me. May 30, 1984); *Barca v. Thompson Aircraft Service*, Civil No. 82–0211–P (D.Me. Feb. 1, 1984).

**3.** Motions to alter or amend a judgment pursuant to Rule 59(e) must be served not later than ten days after entry of judgment. Plaintiffs' motion was filed one day after judgment and thus was timely filed for purposes of Rule 59(e).

**4.** *See* also Rule 56(e), which provides in pertinent part:
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him.

(Emphasis added.)

policy of Local Rule 19(c),[5] a party who fails to object to a motion for summary judgment within ten days as required by Local Rule 19(c) is deemed to have waived the opportunity to controvert factual statements asserted by the moving party. *Id.* The Court concluded:

> With respect to summary judgment motions, therefore, an opposing party who fails to object within ten days is to be deemed to have waived his right to controvert facts asserted by the moving party. The Court will accept as true all material facts, supported by appropriate record citations, set forth by the movant. Summary judgment will be granted if upon the Court's consideration of the pertinent papers, those facts entitle the moving party to judgment as a matter of law.

*Id.*

In accordance with the holding of this Court in *McDermott*, Plaintiffs' motion, treated herein as a Motion to Alter or Amend Judgment pursuant to Rule 59(e), is to be granted. Plaintiffs, by failing to object as required by Local Rule 19(c), have waived any objection to Defendant's statement of material facts, and the Court must decide Defendant's Motion for Summary Judgment based upon Defendant's submissions.

### III.

 Defendant also has run afoul of Local Rule 19 and, therefore, its Motion for Summary Judgment must be denied. Defendant filed a statement of undisputed facts and a memorandum of law in support of its summary judgment motion. The statement of undisputed facts and the memorandum of law contain repeated citations to at least four different depositions which have not been filed with the Court.[6] Local Rule 19(a) provides:

(a) Submission of Motions and Supporting Memoranda

A party filing a motion shall file, in duplicate, with the motions, a memorandum of law, including citations of supporting authorities. *Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.*

(Emphasis added.) Defendant clearly failed to comply with this rule. Local Rule 19(b) provides in pertinent part:

(b) Motions for Summary Judgment

(1) In addition to the material required to be filed by this rule, upon any motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts, *supported by appropriate record citations,* as to which the moving party contends there is no genuine issue to be tried.

(Emphasis added.) Defendant also has failed to comply with this rule. Finally, Local Rule 19(b)(2) makes it clear that summary judgment *cannot* be granted if the moving party's statement is not supported by appropriate record citations, even when, as in this case, the non-moving party fails to file responding papers:

(2) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, *if supported by appropriate record citations,* will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

(Emphasis added.)

In short, the Local Rules spell out what common sense dictates: a party cannot be

---

**5.** Local Rule 19(c) is indispensable to the efficient administration of the motion practice of this Court. *Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604 at 607 (D.Me.1984).

**6.** Defendant's Statement of Undisputed Material Facts includes citations to the depositions of Plaintiffs Cutler, Baird and Blackburn and Philip R. St. Pierre. None of these deposition transcripts have been filed with the Court.

granted summary judgment based upon bare factual assertions that find no support in appropriate documents filed with the Court. Obviously, the Court is in no position to grant this motion without having on hand depositions upon which Defendant repeatedly relies.

Accordingly, Plaintiffs' motion, treated herein as a Motion to Alter or Amend Judgment pursuant to Rule 59(e), is GRANTED, the Order granting Defendant's Motion for Summary Judgment is VACATED, and the Defendant's Motion for Summary Judgment is DENIED.

So ORDERED.