**UNITED STATES of America, Plaintiff,**

v.

**Methyl L. BELANGER, Defendant,**

**Oxford Bank and Trust Company, and Town of Oxford, Parties In Interest.**

**Civ. No. 80–0250 P.**

United States District Court,
D. Maine.

Nov. 19, 1984.

---

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, Lawrence G. Frier, Sp. Asst. U.S. Atty., Augusta, Maine, for plaintiff.

John M. Whalen, Platz & Thompson, Lewiston, Maine, for defendant Belanger.

Kevin G. Libby, Monaghan & Leahy, Portland, Maine, for Party in Interest, Oxford Bank & Trust Co.

## OPINION AND ORDER

GENE CARTER, District Judge.

This is an action brought by the United States of America to foreclose a mortgage on certain property of Defendant Methyl L. Belanger, located in Oxford, Maine. Plaintiff was granted summary judgment on August 9, 1984. The case is before the Court on Defendant's Motion for Relief from Judgment. The Court will grant the Motion for Relief and, upon reconsideration, deny Plaintiff's Motion for Summary Judgment and specify the facts that exist without substantial controversy in accordance with Fed.R.Civ.P. 56(d).

### I.

Plaintiff filed its Motion for Summary Judgment on May 25, 1984. Defendant made no response to the motion, and, on August 9, 1984, the motion was granted for the Court by endorsement of the Clerk: "No objection having been filed, motion *granted* per Local Rule 19(c)." Local Rule 19(c) provides that a party "shall be deemed to have waived objection" to a motion unless he files a written objection thereto within 10 days after the filing of the motion.[1]

Defendant moves for relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(1)

---

1. The operation and policy of Local Rule 19(c), as well as grounds for relief from a judgment entered pursuant to Local Rule 19(c), have been discussed extensively in numerous recent decisions of this Court, and need not be reviewed here. The cases are collected in *Cutler v. Lewiston Daily Sun*, Civil No. 84–0042–P, 103 F.R.D. 172 at 175, n. 2 (D.Me. Oct. 4, 1984).

on the ground that her attorney was "unfamiliar with" Local Rule 19(c). Ignorance of the rules of court is not a "unique or extraordinary circumstance" constituting "excusable neglect" under Rule 60(b). *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984); *Lapiczak v. Zaist*, 54 F.R.D. 546 (D.Vt.1972).[2] Relief, therefore, must be denied under Rule 60(b)(1).

■■■ The Court will, however, grant relief under Rule 60(b)(6) because of its recent decision in *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). The Court determined in *McDermott* that Fed.R. Civ.P. 56 dictates that summary judgment may not be granted unless the record shows there is no genuine issue of material fact, even if the non-moving party fails entirely to present any responsive papers. *Id.*, at 1320–21. Thus, failure to comply with Local Rule 19(c) will not result in the automatic granting of a motion for summary judgment. However, a party who fails to object to such a motion within ten days as required by Local Rule 19(c) is deemed to have waived the opportunity to controvert factual statements asserted by the moving party. *Id.*, at 1321. Where a non-moving party fails to comply with Local Rule 19(c) on a motion for summary judgment, the Court's decision is to be based upon the moving party's submissions alone. *Id.*

■■■ Thus, the interpretation of Local Rule 19(c) applied previously in this case is no longer operative. The revised interpretation was announced in *McDermott* during the pendency of Defendant's Motion for Relief from Judgment. The proper procedural device to challenge the legal correctness of a decision of this Court is a motion to amend or alter judgment pursuant to Fed.R.Civ.P. 59(e). *Cutler v. Lewiston Daily Sun*, 103 F.R.D. 172 at 175 (D.Me. 1984); *McDermott, supra; see Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 153–54 (1st Cir.1980); *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.1971). The Court should not hold a party to the label

of its motion if relief is available under another provision of the rules. *Morgan Guaranty Trust Company of New York v. Third National Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir.1976). Motions to alter or amend judgment pursuant to Rule 59(e), however, must be served not later than ten days after entry of judgment. The Court has no power to enlarge this time period. Fed.R.Civ.P. 6(b). The motion pending here was filed on September 6, 1984, twenty-nine days after the entry of judgment. Thus, it cannot be treated as coming under Rule 59(e).

■■■ The Court finds, however, that the "extraordinary circumstances" justifying relief under Rule 60(b)(6), *see Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 154, 155–56 (1st Cir.1980), are present here. Ordinarily, a mere change in the law is not a proper ground for relief under Rule 60(b)(6). *Lubben v. Selective Service System Board No. 27*, 453 F.2d 645, 651–52 (1st Cir.1972); *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977); *Brown v. Clark Equipment Co.*, 96 F.R.D. 166, 173 (D.Me.1982). This rule has particular force where the party moving for relief has forgone the right to file a timely appeal. *Lubben*, 453 F.2d at 651. In this case, Defendant's motion for relief was filed *before* the time for appeal expired. Fed.R.App.P. 4(a)(1). The Court is in a position to correct its own error, thus obviating the need for appeal. 6A Moore & Lucas, Moore's Federal Practice, ¶ 60.27[2] (1982). Therefore, under the unusual circumstances of this case, *in which the Court has itself revised the controlling rule of law subsequent to judgment and relief is sought prior to expiration of the time for appeal*, the Court will exercise its discretion to grant relief from the order granting summary judgment.

### II.

■■■ Because Defendant failed to comply with Local Rule 19(c), she has waived the right to submit materials opposing the Motion for Summary Judgment. The Motion

---

**2.** *See also* cases referred to in note 1, *supra*.

for Summary Judgment is now to be decided upon Plaintiff's submissions alone. *McDermott; cf. United States v. Nesglo, Inc.*, 744 F.2d 887 at 890 (1st Cir.1984) (District Court of Puerto Rico properly enforced local rules providing that party failing to respond to motion within ten days waives right to hearing and to file brief or response).

Defendant Methyl L. Belanger and her husband, Albert L. Belanger, executed a promissory note on December 27, 1974, in which they promised to pay to the order of Norway National Bank $70,000 at an interest rate of 9½% per annum. To secure the loan, the Belangers executed a mortgage of two lots of land situated in Oxford County, Maine. On April 21, 1977, Norway National Bank assigned both the promissory note and the mortgage to the Small Business Administration (SBA). There is no issue of fact as to the execution and delivery of the promissory note and the mortgage or the assignment of both documents to the SBA.

Albert L. Belanger died on or about July 7, 1978. Methyl and Albert Belanger were joint tenants in the mortgaged property by virtue of a warranty deed. Title passed to Methyl L. Belanger by right of survivorship upon the death of Albert Belanger.

Plaintiff commenced this action against Defendant Methyl L. Belanger on August 19, 1980. Also joined as parties in interest were Oxford Bank and Trust Company and the Town of Oxford.

Plaintiff's Complaint states that the Town of Oxford filed two tax liens against Methyl L. Belanger, which were recorded on April 25, 1980. The Town of Oxford has not answered the Complaint, nor has any appearance been entered on its behalf.

Plaintiff also alleged in its Complaint that Oxford Bank and Trust Company recorded an attachment against Methyl L. Belanger in the amount of $3,981.90 on January 11, 1980. Defendant admitted the allegation in her Answer. In its Answer, Oxford Bank and Trust Company avers that it obtained a judgment in the amount of $4,131.60 on January 11, 1980, against Methyl L. Belanger, that its attachment was increased to the amount of the judgment, that the attachment was extended for a period of five years from the date of the judgment, and that the extension was duly recorded.

Plaintiff seeks an order requiring Defendant to pay the amount due on the promissory note, an order of foreclosure, determination of the amounts due to other parties in interest and their relative priority, and, should the foreclosure sale be insufficient to satisfy the judgment, a deficiency judgment.

In support of its motion for summary judgment, the United States submitted, *inter alia*, an affidavit of Lawrence G. Frier, Assistant United States Attorney. Affiant Frier claims custody, control and personal knowledge of the records relating to the mortgage transactions between Defendants, Norway National Bank, and the SBA. Affiant Frier asserts that Defendant Methyl L. Belanger is in default under the terms of the promissory note and mortgage in that installments due November 27, 1977, and all subsequent payments have not been made. Affidavit of Lawrence G. Frier, paragraph 11.

Defendant Methyl L. Belanger denies in her Answer to Plaintiff's Complaint that she is in default on the promissory note and mortgage. However, because she failed to timely respond to Plaintiff's motion, she waived her right to submit papers in opposition. *See McDermott, supra.* Under Fed.R.Civ.P. 56(e), when a motion for summary judgment is made and supported, an adverse party may not rest upon mere denials contained in its pleadings. The Court finds, therefore, that Defendant Methyl L. Belanger is now, and has been since November 27, 1977, in default.

Defendant also raises in her Answer several legal issues and an affirmative defense which must be addressed by the Court.

First, she contends that the Complaint fails to state a claim against Defendant upon which relief can be granted. The legal arguments that may be encompassed

within this generic statement of defense are discussed separately in this opinion.

█ Second, she contends that the Court lacks jurisdiction of the subject matter of Plaintiff's Complaint. The United States claims jurisdiction is founded upon 28 U.S.C. § 1345, 15 U.S.C. § 634(b)(1), and 14 M.R.S.A. § 6321 *et seq.* Section 1345 of Title 28 of the United States Code provides that:

the district court shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by act of Congress.

Title 15, § 634(b)(1) of the United States Code expressly authorizes the Administrator of the Small Business Administration to sue in district court and confers jurisdiction upon the district court to hear such controversies:

(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy;

Thus, there is no question that this Court has jurisdiction over this suit under these sections of the United States Code.

█ Defendant further asserts that this Court does not have jurisdiction to adjudicate a foreclosure proceeding under 14 M.R.S.A. § 6321 *et seq.*, which provides in pertinent part:

After a breach of condition in a mortgage of first priority, the mortgagee or any person claiming under him *may proceed* for the purpose of foreclosure by a civil action against all parties in interest *in either the Superior Court or the District Court in the division wherein the mortgaged premises or any part thereof is located*, regardless of the amount of the mortgage claim.

14 M.R.S.A. § 6321 (Supp.1984–1985) (emphasis added).[3] Although not explicitly argued by Defendant, it is assumed that Defendant contends that a civil action for foreclosure pursuant to 14 M.R.S.A. § 6321 *et seq.*, may be brought *only* in a Superior Court or District Court of the State of Maine. The plain meaning of the language of the statute precludes this construction. The statute provides that a mortgagee *"may proceed* ... in either the Superior Court or the District Court ...." The language is permissive, and does not prevent a party from enforcing the statute in another available forum independently vested with jurisdiction. *See Architects Collaborative, Inc. v. President and Trustees of Bates College*, 576 F.Supp. 380, 382–83 (D.Me.1983); *Singh v. Superintending School Committee of the City of Portland*, 593 F.Supp. 1315 (D.Me.1984).

█ There is a second reason why Defendant's jurisdictional argument fails. Generally, when federal court jurisdiction is founded upon the United States being a

---

**3.** Section 6321 of Title 14, which sets forth the procedural requisites for foreclosure by a civil action, was amended during the pendency of this suit. The statute was amended to, *inter alia,* distinguish actions by mortgagees of first priority from those of lower priority. The latter may not join parties of first priority in a civil action for foreclosure. The record indicates that there are two parties in interest in this case in addition to Plaintiff: (1) Oxford Bank and Trust Company, which filed an attachment against Methyl L. Belanger; and (2) the Town of Oxford, which filed and recorded two tax liens against Methyl L. Belanger on April 25, 1980. Neither of these parties are mortgagees, and each party recorded its claim subsequent to the recording of Plaintiff's mortgage. Hence, the record indicates that Plaintiff is a mortgagee "of first priority" for purposes of 14 M.R.S.A. § 6321 as amended.

As to the applicability of the amended statute to this pending claim, it is clear that any changes applicable to this suit are strictly procedural and would not change the legal significance of events occurring prior to its enactment. Therefore, the amended statute will be applied to this action. *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me.1980); *Michaud v. Northern Maine Medical Center*, 436 A.2d 398, 400 (Me.1981).

plaintiff, the Court is not obligated, as in diversity suits, to apply state law, but is free to fashion a federal rule of decision. *See United States v. Little Lake Misere Land Co., Inc.,* 412 U.S. 580, 93 S.Ct. 2389, 37 L.Ed.2d 187 (1973); *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). In this case, the promissory note executed by the parties expressly provides that it is to be construed and enforced "in accordance with applicable Federal law." *See* 13 C.F.R. § 101.1(d). The federal court may adopt state law as the federal rule of decision, however, if the various governmental interests, both federal and state, support such an approach. *See Little Lake Misere Land Co., Inc.,* 412 U.S. at 595–96, 93 S.Ct. at 2398–99. Here, the United States wishes to utilize a state foreclosure proceeding; no argument is made that any federal governmental interests militate against the application of state law in this case. Therefore, the Court is free to adopt the state's method of foreclosure as the federal law of this case, and is not prevented from doing so by any jurisdictional limitation that may arguably be contained in the foreclosure statute. Absent articulation of any state or federal interests that would be offended by application of the state method of foreclosure in this case, the Court will "borrow" the statute as the federal law of this case. *See United States v. Marshall,* 431 F.Supp. 888 (N.D.Ill.1977) (Illinois state law applied in mortgage foreclosure action brought by SBA).

Defendant asserts as a defense that application of 14 M.R.S.A. § 6321 *et seq.,* in this case is unconstitutional as applied to Defendant because it impairs the obligations of the contract between the parties. It is true that the statute providing for foreclosure by civil action was enacted subsequent to the execution of the agreements which are the subject matter of this litigation. Section 6321 of Title 14 of the Maine Revised Statutes Annotated became effective on October 1, 1975. 1975 Me.Laws ch. 552, § 5. The promissory note and mortgage were executed in 1974. Defendant, however, has failed to show any respect in which the application of the foreclosure statute would impair the obligations of the promissory note or the mortgage.

In *Portland Savings Bank v. Landry,* 372 A.2d 573 (Me.1977), the Maine Law Court held that application of the redemption provision of the foreclosure statute considered herein impaired the obligation of a contract entered into before the enactment of that statute. The statute applied in the *Portland Savings Bank* case provided for a period of redemption of ninety days, whereas, under Maine law prior to the adoption of the foreclosure statute, the period of redemption had been one year. Subsequent to the decision in *Portland Savings Bank,* the Maine legislature amended the statute to provide for a period of redemption of one year with respect to mortgages executed prior to October 1, 1975. 1977 Me.Laws ch. 618 (codified at 14 M.R.S.A. § 6322 (1980 and Supp.1984–1985)). The constitutional defect identified in *Portland Savings Bank,* therefore, has been remedied.[4]

The intention of the legislature to permit retrospective application of 14 M.R.S.A. § 6321 *et seq.,* is revealed by the 1981 amendment, which provided that the statute "may be used for the foreclosure of *all* real property mortgages ...." 1981 Me. Laws ch. 698, § 87 (codified at 14 M.R.S.A. § 6325 (Supp.1984–1985)). Prior to the amendment, the statute was applicable to

---

**4.** This Court recently held that the decision of the United States Supreme Court in *Energy Reserves Group, Inc. v. Kansas Power and Light Co.,* 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983), which modified the judicial interpretation of the contract clause of the federal constitution, would be followed by the Maine Law Court in its interpretation of the contract clause of the Maine Constitution. *N.A. Burkitt, Inc. v.*

*J.I. Case Co.,* 597 F.Supp. 1086 (D.Me.1984). Thus, the analysis employed in *Portland Savings Bank* is no longer in force with respect to either the Maine or federal constitutions. Since Defendant fails to identify any way in which application of the Maine foreclosure statute would impair the obligation of its contracts, however, there is no need to undertake a contract clause analysis.

mortgages "executed subsequent to October 1, 1975." 1975 Me.Laws ch. 552, § 5.[5]

Plaintiff's submissions in support of its Motion for Summary Judgment indicate there is no issue of material fact as to whether each of the requirements for foreclosure under 14 M.R.S.A. § 6321 have been fulfilled, except one. The United States has produced no evidence indicating that a copy of the Complaint "or a clerk's certificate of the filing thereof" has been filed "in each registry of deeds in which the mortgage deed is or by law ought to be recorded." *Id.*, § 6321.

Finally, Defendant asserts as an affirmative defense that Norway National Bank and Plaintiff fraudulently induced her to execute the note and mortgage by representing "that the Defendant would receive substantial sums to be applied to the Defendant's operating capital needs." In opposition to this defense, Plaintiff produced two affidavits. Affiant Robert B. Ivey was president of Norway National Bank at the time the transactions considered herein were executed. He asserts that he was personally involved in the transactions. He states:

> At no time was there any representation made by the Norway National Bank to provide Albert Belanger, d/b/a Carrabassett Cedar Products (later to become Pinewood Products, Inc.) with funds for working capital. It was my understanding from Albert Belanger at the time of the loan application that Mr. Belanger had arranged for working capital through a Mr. Sacknoff of Portland, at an interest rate of 10%. I later learned that Mr. Sacknoff was charging not 10% on principal per annum but 10% of gross sales. Misrepresentation, if any, concerning the availability of working capital was not made by the bank but by the borrower to the bank.

Affidavit of Robert B. Ivey, Jr., ¶ 4.

Affiant Richard L. Langelier was the loan officer for the SBA who participated in the transactions that are the subject of this litigation. He recites an understanding of the Belangers' arrangement for obtaining working capital similar to that set forth by affiant Robert B. Ivey, Jr. Affidavit of Richard L. Langelier, ¶ 2. Further, he states, "At no time was there any representation made by SBA to anyone that it would provide working capital to the borrower under any terms." *Id.*, ¶ 3.

■ By virtue of her failure to comply with Local Rule 19(c), Defendant has waived her right to controvert the factual assertions submitted in support of Plaintiff's Motion for Summary Judgment. *See McDermott, supra; cf., Nesglo, supra.* Accordingly, based upon Plaintiff's submissions alone, no genuine issue of material fact exists as to whether Defendant was fraudulently induced to enter into the transactions which are the subject of this litigation. The Court finds that no genuine issue of fact exists as to whether either Plaintiff or representatives of the Norway National Bank promised to provide working capital to Defendant and her late husband. The record properly before the Court establishes that they did not do so.

No evidence having been produced to the contrary, the Court also finds that there is due to Plaintiff the aggregate sum of $101,405.456 through May 24, 1984, plus interest thereafter at the rate of $12.93 per day, plus any advances made thereafter.

■ The Town of Oxford filed no Answer or appearance in this case. The only basis for the Court's knowledge of the Town's interest in the Belanger property is Plaintiff's allegation that the Town has filed two tax liens. Defendant Methyl L. Belanger stated in her Answer that she was without sufficient knowledge to form a belief as to the recordation of the tax liens. Plaintiff does not challenge the existence or validity of the tax liens. The Court finds, therefore, that there is no controver-

---

**5.** It should be noted that a review of the statutory methods for foreclosure in Maine reveals that the procedure set forth in 14 M.R.S.A. § 6321 *et seq.,* is by far the most solicitous of the rights of mortgagors. *Compare* 14 M.R.S.A. § 6201 (foreclosure by possession) and 14 M.R.S.A. § 6203 (foreclosure without possession).

sy as to the existence or validity of the tax liens. Title 36, § 552 of the Maine Revised Statutes Annotated provides that a municipal tax lien "shall take precedence over all other claims on said real estate and shall continue in force until the taxes are paid or until said lien is otherwise terminated by law." Because Plaintiff has conceded the existence of the tax liens, the Town's tax liens will take priority over the interest of Plaintiff should judgment of foreclosure be entered pursuant to 14 M.R.S.A. § 6322.

 With respect to the attachment by Oxford Bank and Trust Company, Plaintiff alleged in ¶ 17 of its Amended Complaint that an attachment in the Bank's favor in the amount of $3,981.90, dated September 21, 1979, was recorded in the Oxford County Registry of Deeds, and that an extension of said attachment was recorded on January 11, 1980. Defendant admitted this allegation. In its Answer, Oxford Bank and Trust also admitted these facts. No documentary evidence supporting these factual allegations has been submitted by any party. On a motion for summary judgment, facts alleged, if supported by appropriate record citations, are deemed admitted unless controverted by an opposing statement of material facts. Local Rule 19(b)(2). A party cannot be granted summary judgment based upon bare factual assertions that find no support in appropriate documents of record. *Cutler v. Lewiston Daily Sun,* 103 F.R.D. 172 (D.Me. Oct. 4, 1984). In this case, however, Plaintiff, Defendant and Oxford Bank and Trust have agreed in their respective pleadings that Oxford Bank and Trust recorded an initial attachment in the amount of $3,981.90, and that the attachment was extended on January 11, 1980. Because all parties are in agreement with respect to these facts, documentary support is unnecessary. The Bank's attachment in the amount of $3,981.90, having been recorded subsequent to Plaintiff's mortgage deed, is of lower priority than Plaintiff's interest. 14 M.R.S.A. § 4454; *First Auburn Trust Co. v. Buck,* 137 Me. 172, 16 A.2d 258 (1940).

 Oxford Bank additionally alleges in its Answer that it obtained a judgment of $4,131.60 on January 11, 1980, and that its previous attachment was increased to reflect that amount, extended and duly recorded on January 11, 1980. No position with respect to these additional allegations is expressed in the submissions of Plaintiff or Defendant, and their agreement with these allegations may not be inferred. Absent express agreement by all parties or documentary support for these allegations, the Court cannot deem them to be admitted. *See Cutler, supra.*

In summary, Plaintiff is not entitled to summary judgment because there is a genuine issue of fact that is material to Plaintiff's request for foreclosure: that is, whether Plaintiff has recorded a copy of the Complaint, or Clerk's certificate of the filing thereof, in each registry of deeds in which the mortgage deed is, or by law ought to be, recorded as required by 14 M.R.S.A. § 6321. Additionally, with respect to the attachment of Oxford Bank and Trust Company, there is a genuine issue of material fact as to whether the attachment was increased to $4,131.60 when extended on January 11, 1980. These are the only two issues of fact that remain to be tried in this case.

Accordingly, it is ORDERED that:

(1) Plaintiff's Motion for Summary Judgment be, and is hereby, DENIED;

(2) There is due to Plaintiff the aggregate sum of One Hundred One Thousand Four Hundred Five Dollars and Forty-Six Cents ($101,405.46) through May 24, 1984, plus interest thereafter at the rate of Twelve Dollars and Ninety-Three Cents ($12.93) per day, plus any advances made thereafter, for Defendant's breach of conditions of the promissory note and mortgage held by Plaintiff;

(3) There is a genuine issue of fact as to whether Plaintiff has filed its Complaint, or Clerk's certificate of the filing thereof, in each registry of deeds in which the mortgage deed is, or by law ought to be, recorded;

(4) There is a genuine issue of material fact as to whether the attachment of Oxford Bank and Trust Company was increased when it was extended on January 11, 1980;

(5) All other facts essential to Plaintiff's claim for relief by foreclosure pursuant to 14 M.R.S.A. § 6321 *et seq.* are uncontroverted and are deemed established for trial.