USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 ____________________
No. 97-2359

 PEDRO M. SERRANO-FIGUEROA, ET AL.,

 Plaintiffs, Appellants,

 v.

 BANPONCE CORPORATION, ET AL.,

 Defendants, Appellees.
 ___________________

No. 97-2360

 PEDRO M. SERRANO-FIGUEROA, ET AL.,

 Plaintiffs, Appellees,

 v.

 BANPONCE CORPORATION, ET AL.,
 Defendants, Appellees.
 ____________________

 EMILIO E. PINERO FERRER,

 Defendant, Appellant.

 
 ____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge]
 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 ______________________

 Edelmiro Salas Garcia on brief for appellants Pedro M. Serrano-
Figueroa, et al.
 Pedro J. Manzano-Yates, Beatriz M. Rodriguez-Burgos, and Fiddler,
Gonzalez & Rodriguez on brief for appellees Banponce Corporation, Banco
Popular De Puerto Rico, and Marta Galera.
 Juan R. Marchand Quintero, Ana L. Toledo and Rivera Cestero &
Marchand Quintero on brief for appellee-cross-appellant Emilio E. Pinero
Ferrer.

 ____________________

 April 7, 1998
 ____________________

 Per Curiam. As to appeal no. 97-2359, upon careful review
 of the briefs and record, we conclude that plaintiffs'
 "jurisdictional" argument regarding 28 U.S.C. 636(b)(1) is
 completely frivolous. We reach this conclusion essentially for
 the reasons stated by the district court in its order dated
 September 25, 1997. Plaintiffs have not developed any other
 argument, so we will not consider any other aspect of the
 judgment. See United States v. Zannino, 895 F.2d 1, 17 (1st
 Cir. 1990). 
 In light of our conclusion that plaintiffs and their
 attorney have prosecuted a frivolous appeal, we grantdefendants' motions for sanctions under Fed. R. App. P. 38. 
 See also 28 U.S.C. 1927. We therefore direct plaintiffs,
 jointly and severally, to pay double costs, and we direct
 plaintiffs' attorney personally to pay defendants' reasonable
 attorney's fees for appeal no. 97-2359. See United States v.
 Nesglo, Inc., 744 F.2d 887, 892 (1st Cir. 1984). Defendants
 are directed to file with this court and serve upon plaintiffs,
 within 15 days after the date of this opinion, their bills of
 costs and attorney's fees incurred for appeal no. 97-2359. 
 Within 10 days after such service upon them, plaintiffs may
 file and serve any objections to those bills. Thereafter we
 will issue an order taxing the double costs and the reasonable
 attorney's fees.
 As to appeal no. 97-2360, we conclude that the denial of
 defendant's motion for sanctions under Fed. R. Civ. P. 11(c)
 was within the district court's considerable discretion. On
 the record before us, we must defer to the district court's
 finding that plaintiffs' motions were based on mistake of law
 and not wrongful purposes.
 Accordingly, the judgment is affirmed. See 1st Cir. Loc.
 R. 27.1. The defendants' motions for Rule 38 sanctions are
 granted as provided in this opinion.